MILES HIGINBOTHAM et al., Respondents, *v.* GROVE W. STODDARD, Appellant.

The rule that in the construction of a deed, courses, distances and quantities must yield to natural or artificial monuments called for by the grant, is not inflexible; it applies with less force to artificial than to natural monuments, and where there is anything in the description showing that the courses and distances are right, they will prevail.

So, where it is apparent from the face of the deed that the intention was to convey a specific quantity of land, and the courses and distances include that precise quantity, while the description by monuments embraces more or less, the former will control.

Where, also, the lines are so short as to admit of entire accuracy, they are to be regarded with great confidence as a means of ascertaining the intention of the parties.

To render a deed void because of possession in another, under claim of title adverse to the grantor, the possession must be under a claim of some specific title, and not a general assertion of ownership.

In an action of ejectment, defendant claimed under a deed conveying to him a lot in the village of O., " on the southerly side of Madison street, * * * being ten feet on Madison street, thirty-two feet in rear *on the northerly side of the mill-race,* and one hundred feet in depth from front to rear, containing twenty-one hundred square feet of ground." The distances given included just twenty-one hundred square feet. The northerly side of the mill-race was more than one hundred feet from Madison street. The land in question was the strip lying between the mill-race and a line one hundred feet from Madison street. *Held*, that it was not included in the deed; and that defendant was not entitled thereto.

Also, *held*, that the fact that defendant was in possession thereof at the time plaintiff received his deed, did not render such deed void.

(Argued December 12, 1877 ; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, in favor of plaintiffs, entered upon an order denying a motion for a new trial and directing judgment upon a verdict. (Reported below, 9 Hun, 1.)

This was an action of ejectment to recover a narrow strip of land on the northerly side of a mill-race in the village of Oneida. Both parties claimed title under the same grantor. Defendant's deed, which was the prior one, conveyed to him " all that certain building lot or piece of land situate in the village of Oneida, on the southerly side of Madison street, between the easterly line of the canal feeder and the public alley, of thirty feet in width ; extending from Madison street to Phelps street ; said building lot being ten feet on Madison street, thirty-two feet in rear on the northerly side of the mill-race, and one hundred feet in depth from front to rear, containing twenty-one hundred square feet of

ground." The northerly side of the mill-race was more than one hundred feet from Madison street, and the land in question was the strip between a line one hundred feet from said street, and the northerly side of the race. Defendant was in possession at the time plaintiffs' deed was executed.

The court directed a judgment for plaintiffs, to which defendant's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*Samuel Hand*, for appellant. In a conveyance of land, courses, distances and quantities must yield to fixed and known objects and monuments, whether natural or artificial. (*Allerton* v. *Johnson*, 3 Sand. Ch., 72; *Wendell* v. *People*, 8 Wend., 183, 190; *Jackson* v. *Camp*, 1 Cow., 605; *Jackson* v. *Ives*, 9 id., 661; *Jackson* v. *McConnell*, 13 Wend., 175; 15 J. R., 471; *Raynor* v. *Lemerson*, 46 Barb., 518; *Roat* v. *Puff*, 3 id., 353; *Smith* v. *McAllister*, 14 id., 434; 27 id., 196; *Jones* v. *Halstein*, 47 id., 311; 44 id., 463; 2 Washburn on R. E., 662; 1 Caines, 93; 2 J. R., 37.) Land bounded on a street, stream or road, means up to the center of such street, stream or road. (*Hammond* v. *McLochlan*, 1 Sand., 323; *Herring* v. *Fisher*, id., 344; *Adams* v. *S. & W. R. R. Co.*, 11 Barb., 414; Willard on R. E. and Con., 405; 2 Washburn on R. E., 680, 681.) The intent of the parties to the deed must govern, and the manner of using the premises granted the, situation and condition thereof, etc., will be considered to ascertain the intention of the parties. (*Jackson* v. *Wood*, 13 J. R., 346; *Stone* v. *Clark*, 1 Metc., 346; *French* v. *Carhart*, 1 N. Y., 96, 102; 2 Smith's Lead'g Cases, 521.) A grant of land will be absolutely, void if, when delivered, such land is in the actual possession of one claiming under a title adverse to the grantor. (2 R. S. [6th ed.], 1120, § 168; *Livingston* v. *Peru Iron Co.*, 9 Wend., 511; *Poor* v. *Horton*, 15 Barb., 485.)

*Henry A. Foster*, for respondents. When a line is given in a deed as running from one monument to another, it is

always to be taken as straight, if not otherwise described. (3 Washburn on R. E. [4th ed.], 407, 408; *Allen* v. *Kingsbury*, 16 Pick., 235, 238; *Kingsland* v. *Chittenden*, 6 Lans., 15.) The intention of the parties to the deed, so far as it can be collected from the whole instrument, and is consistent with rules of law, should govern. (*Kingsland* v. *Chittenden*, 6 Lans., 18; *French* v. *Carhart*, 1 N. Y., 102; *Haff* v. *Toby*, 66 Barb., 347; 56 N. Y., 633.) The words "on the northerly side of the mill-race," were not intended as a fixed boundary. (*Wilson* v. *Inloes*, 6 Gill [Md.], 121, 153; *Rex* v. *Johnson*, 5 N. H., 520; *Bowman* v. *Farmer*, 8 id., 402; *Marsh* v. *Marshall*, 19 id., 301.) Even if the words "on the northerly side of the mill-race" were used as descriptive of the premises, yet as they are not clear and explicit, they must yield to the more specific and certain description of the lot. (Washburn on R. P. [2d ed.], 672, § 39; 3 id. [4th ed.], 402, § 39; id., 673, § 40; id., 408, § 40; *Herrick* v. *Sixby*, L. R., [P. C.], 436; 27 U. S. Dig., 179, § 86; *Heard* v. *Garritt*, 34 Miss., 152; *Bell* v. *Sawyer*, 32 N. H., 72; *Smith* v. *Strong*, 14 Pick., 128; *Barnard* v. *Martin*, 5 N. H., 536; *Burnett* v. *Wadsworth*, 57 N. Y., 634, 635; *Seaman* v. *Hogeboom*, 21 Barb., 407, 408; *Townsend* v. *Hayt*, 51 N. Y., 656, 657; *Frost* v. *Spaulding*, 19 Pick., 445; *Blaney* v. *Rice*, 20 id., 62; *B. N. Y. & E. R. R. Co.* v. *Stigler*, 61 N. Y., 348, 350, 351; *Baldwin* v. *Brown*, 16 id., 359, 361.) The rule that a deed, where the description is uncertain, must be construed in favor of the grantee, has no application to this case. (Washburn on R. P. [2d ed.], 669, § 36; 3 id. [4th ed.], 397, § 36; *City of Boston* v. *Richardson*, 13 Al., 146, 156; 2 Kent's Com. [5th ed.], 556.) Defendant could not hold adversely to plaintiffs, except under paper title, which covers the disputed premises. (*Crary* v. *Goodman*, 22 N. Y., 170; *Hollis* v. *Bell*, 53 Barb., 247.) Defendant did not acquire any title to any part of the *locus in quo* by adverse possession. (*Corning* v. *T. Iron and Nail Co.*, 34 Barb. 485.) ..

SICKELS.—VOL. XXVII.   13

MILLER, J. We are of the opinion that the judge, upon the trial, was correct in the construction which he gave to the description contained in the deed to the defendant; and that, in this view of the case, he committed no error in his refusal to submit to the jury the questions of fact propounded by the defendant's counsel, and in directing a verdict in favor of the plaintiffs. There is an apparent inconsistency in the language employed to designate the boundaries of the lot conveyed; but, taking into consideration the entire description, we think that the conclusion is warranted that the lot commenced upon the southerly line of Madison street, extended southerly 100 feet in depth, and actually contained 2,100 square feet of ground, as stated. No other construction can be placed upon the description to make out the quantity of land which the deed calls for, and which was obviously intended to be conveyed; and, while there are some views in the way of such interpretation, any other construction presents some formidable difficulties which cannot well be overcome. The defendant's counsel claims that this construction is in conflict with the well-established rule of law, which rests upon the legal presumption that all grants and conveyances are made with reference to an actual view of the premises by the parties thereto, as to its state and condition at the time, that courses, distances and quantities must yield to natural or artificial monuments or objects; and courses must be varied and distances varied so as to conform to the natural or ascertained objects or bounds called for by the grant. ( *Wendell* v. *The People*, 8 Wend., 183, 190.)

To apply the rule stated to the case under consideration, we must hold that the " mill-race " mentioned in the description is a fixed and known monument, which must control; and although the distances and the quantity of land within the lines defined are accurately stated, that the southern boundary of the lot extends beyond the one hundred feet named to the " northerly side of the mill-race," and this includes more land than the conveyance demands. We think this construction cannot be upheld, for the rule stated is not

inflexible, and has some exceptions.   It applies with less force
to monuments which are artificial than to natural and per-
manent objects; and when there is anything in the descrip-
tion which shows that the courses and distances are right in
themselves, they will prevail, because the primary object in
all cases is to carry out the intention of the parties; as, when
it is apparent from the face of the deed that the intention
was to convey a specific quantity of land, if the courses and
distances given would include such quantity, and the descrip-
tion by monuments embrace more or less, the former should
be followed.  (*Baldwin* v. *Brown*, 16 N. Y., 359; see, also,
*Townsend* v. *Hayt*, 51 id., 656.)   In the case at bar, it is
manifest that the courses and distances were entirely correct,
and would include the precise quantity of land named in the
description, and which we have a right to assume was intended
to be conveyed, thus making out a case directly within the
exception last stated.   The lines being so short as to be sus-
ceptible of entire accuracy, the description is to be regarded
with great confidence as a means of ascertaining what was
intended by the language.   (3 Wash. on Real Property [4th
ed.], 402, 403, §§ 39, 40.)

In *The B. N. Y. & E. R. R. Co.* v. *Stigeler* (61 N. Y., 348),
which was an action of ejectment, in the opinion, after stat-
ing the rule as to monuments controlling courses and distances,
and the names for the same, it is said,  " but when it appears
from the designation of quantity, or other elements of de-
scription that the courses and distances from a fixed and deter-
mined line, were intended to control monuments, then the
latter shall be disregarded."   It is entirely clear in the case
at bar, that the intention was to convey a certain quantity,
because that quantity is specified with exactitude, and the
distances named only will produce it.   The distances and
the quantity must be regarded as unimportant, if they are
not decisive and controlling ; and to sanction the construction
claimed by the defendant, it must be held that a single
course, which is manifestly in conflict with these important
elements, as well as the explicit declaration that the lot fronts

on Madison street, will nullify and render them superfluous and of no avail, and thus defeat the evident and expressed purpose of the parties as to the area of land which was intended to be conveyed. The authorities cited are adverse to any such construction, and fully sustain the ruling at the trial. As the remarks already made dispose of the question discussed, it is not essential to examine more critically certain language contained in the description to which our attention has been directed. There is no foundation for the position that the deed to the plaintiffs was void, because there was a possession by the defendant claiming under a title adverse to that of the grantor. The possession in such case must be under the claim of some specific title, and not a general assertion of ownership. (*Crary* v. *Goodman*, 22 N. Y., 170.)

It is not necessary to consider any other question raised, and the judgment must be affirmed.

All concur, except ALLEN, J., absent.

Judgment affirmed.