VON DER BORN v. SCHULTZ.

(Supreme Court, Appellate Division, Second Department. March 2, 1906.)

JUDGMENT—RES JUDICATA—REMOVAL OF TENANT.

An order directing the removal of a tenant, obtained in proceedings under the statute for the removal of tenants for nonpayment of rent, is conclusive evidence that the tenant owed the landlord for rent, and is a bar to an action by the tenant for money previously paid by him to the landlord under an alleged contract binding the landlord to apply the same on the rent as it became due, if the tenant did not take title to the premises under his option to purchase.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1095, 1255, 1256.]

Appeal from Trial Term, Queens County.

Action by John Von der Born against Anton Schultz. From a judgment for plaintiff, defendant appeals. Reversed.

See 93 N. Y. Supp. 547.

The action was to recover $10,000 and interest alleged to have been paid by the plaintiff to the defendant in installments between February 1st, 1895, and January 10th, 1899, on an option to purchase real property of which he was tenant of the defendant.

On January 7th, 1892, the defendant made a written lease to the plaintiff of real property in the city of New York for a term of twenty-one years from May 1st following at the rent of $2,100 a year payable in equal monthly sums on the first day of each month. On February 1st, 1895, the parties entered into

a supplemental written agreement modifying the said lease, and giving to the plaintiff during the tenancy "the privilege to purchase the said premises so demised at any time before January 1st, 1900" for $35,000, by paying not less than $7,000 in cash on taking title and giving back his bond and mortgage for the balance.

The complaint alleges that the plaintiff paid to the defendant various installments between the making of the said agreement and January 1st, 1900, amounting to $10,000, "with the express understanding and upon the express agreement that if plaintiff should not elect to purchase the said premises, then said sum of $10,000 should be returned to the plaintiff with 6 per cent. interest thereon, or be applied on the rent under the said lease." The plaintiff testifies that an oral agreement to this effect was made between them, and the defendant testifies to the contrary.

The complaint also alleges that the plaintiff did not elect to purchase in the time limited, and "that plaintiff thereupon in the year 1900 and also subsequently demanded a return of the said $10,000 with interest, or in default thereof that the same be applied upon the rent to become due upon the said premises," and that the defendant refused either to return it or so apply it.

This action was brought in November, 1903, viz., after the lapse of nearly four years after the time of the purchase option had expired.

Other facts are stated in the opinion.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Brainard Tolles (Garrard Glenn, on the brief), for appellant.

Robert C. Beatty, for respondent.

GAYNOR, J. The defense in bar of a former adjudication was made out.

There is evidence by the plaintiff that after the purchase period had expired he spoke to the defendant about the $10,000, and that he denied that he had received it or any sum of the plaintiff on the purchase option; but there is no evidence that the plaintiff made the demand for the return thereof or that it be applied on the rent, which is alleged in the complaint. On the contrary, he testifies that he told the defendant that "we could take it out of the rent," and he repeats several times that he elected to have it applied on the rent. Moreover his election was not necessary—indeed he had no right of election—for by the alleged oral agreement under which it was paid, as the plaintiff claims, it was to be held by the defendant and applied on the rent as it came due if the plaintiff did not take title under the purchase option, unless the defendant chose to pay it back with interest at six per cent.

This being the contract relation between the parties, the defendant showed that he had on January 4th, 1901, in the Municipal Court of the city of New York, begun landlord and tenant proceedings under the statute to remove the plaintiff from the demised premises for non-payment of the rent which came due under the lease of November 1st and December 1st, 1900, and January 1st, 1901, and on due service of the precept on the plaintiff, and his appearance and consent on the return day, obtained a final order therein of removal, upon which a warrant was issued, but not executed because the plaintiff paid the rent in arrears; and he has continued in possession and paid the rent ever since.

This adjudication imports absolute verity, and is conclusive evidence that the plaintiff owed the defendant the rent alleged to be due in the petition, and that the defendant had the right to remove him for non-payment thereof, for that could not be the case if the defendant then had in his hands $10,000 of the plaintiff which he held by contract between them for the payment of the rent as it came due. That would have been a complete defense, and was necessarily comprehended in the issue whether the plaintiff was in arrears for rent and could be removed therefor. Nemetty v. Naylor, 100 N. Y. 562, 3 N. E. 497; Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Barber v. Kendall, 158 N. Y. 401, 53 N. E. 1; Brown v. The Mayor, 66 N. Y. 385.

Apart from the foregoing, a careful reading of the evidence shows that the case is a grave one for the consideration of a motion to set the verdict aside on the ground of the weight of evidence, and the suggestion by this court on that head when the case was here before (104 App. Div. 94, 93 N. Y. Supp. 547) should be heeded.

Judgment reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.