MEYERHOFFER v. BAKER.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. JUDGMENT—RES JUDICATA—MATTERS CONCLUDED.
    The estoppel of a former judgment extends to every material matter within the issues expressly litigated and determined, and to those matters not expressly determined, but comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated; whatever is necessarily implied in the former decision being, for the purpose of estoppel, deemed to have been actually decided.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1234–1241.]

2. JUDGMENT—SUMMARY PROCEEDING—DEFAULT JUDGMENT—CONCLUSIVENESS.
    In a summary proceeding to dispossess a tenant, a judgment by default is as conclusive as one rendered after defense and litigation.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1164.]

3. ELECTION OF REMEDIES—CONTRACTS—FRAUD.
    One who has been induced through fraud to contract is not restricted to a single remedy, and, if sued for the consideration or a part of it, may plead the fraud, or he may sue in equity for a rescission, or he may affirm the contract and sue at law for his damages.

4. JUDGMENT—RES JUDICATA—MATTERS CONCLUDED — SUMMARY PROCEEDING
   TO DISPOSSESS TENANT—LEASE INDUCED BY FRAUD.
 A judgment in summary proceedings awarding possession of premises
to a landlord for default in rent does not estop the tenant from suing
for damages for the landlord's fraud in inducing her to enter into the
lease; Code Civ. Proc. § 2244, permitting a tenant to set up in a dis-
possession proceeding any new matter constituting a legal or equitable
defense or counterclaim to be established, as though the claim for rent in
such proceeding was the subject of an action, being permissive and not
mandatory.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§
1234–1241.]
 Patterson, P. J., and Lambert, J., dissenting.

Appeal from City Court of New York.

Action by Sarah Meyerhoffer against Hyman D. Baker. From a de-
termination of the Appellate Term (101 N. Y. Supp. 24) affirming a
judgment of the City Court of the City of New York, plaintiff ap-
peals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE,
SCOTT, and LAMBERT, JJ.

Harry A. Gordon, for appellant.
Adolph Cohen, for respondent.

SCOTT, J. The plaintiff executed a lease from defendant of cer-
tain premises in the city of New York, and upon such execution depos-
ited with defendant the sum of $2,400, to be held until the termina-
tion of the lease, as security for her compliance with the terms, condi-
tions, and covenants contained in the lease. It was further agreed that
if plaintiff should vacate the premises during the term, or should be
removed or dispossessed by due process of law, or otherwise for non-
payment of rent or for any other reason whatever, the defendant should
retain said sum of $2,400 towards liquidating any damage or expenses
which might be suffered or incurred by him. The plaintiff having de-
faulted in the payment of rent, the defendant instituted summary pro-
ceedings against her to recover possession of the premises. The plain-
tiff did not appear or defend, and judgment went against her in the
Municipal Court, awarding possession of the premises to the landlord.
She now sues for damages for deceit and misrepresentation on the
part of defendant in inducing her to enter into the lease, alleging that
certain false statements were made to her respecting the number of
tenants in the house, and the amount of rent paid by them. She has
thus far been defeated upon the ground that the final order in defend-
ant's favor in the summary proceeding was a bar to the prosecution of
this action. It is well settled that the estoppel of a former judgment
extends to every material matter within the issues which was expressly
litigated and determined, and also to those matters which, although not
expressly determined, are comprehended and involved in the thing ex-
pressly stated and decided, whether they were or were not actually lit-
igated and considered. Whatever is necessarily implied in the former
decision is, for the purpose of estoppel, deemed to have been actually
decided. Pray v. Hegeman, 98 N. Y. 358.

In a summary proceeding to dispossess a tenant for the nonpayment

of rent, three questions are involved, and are necessarily and finally determined in the landlord's favor, if he succeeds. These are, first, that the relation of landlord and tenant exists, or, in other words, that the tenant holds under a valid lease; second, that the tenant has entered into possession; and, third, that the tenant has defaulted in the payment of rent. And in such a proceeding a judgment by default is as conclusive as one rendered after defense and litigation. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. The determination below seems to have proceeded upon the theory that this action challenges the existence of a lease between the plaintiff and defendant, and therefore seeks to relitigate one of the questions finally decided in the summary proceeding in the Municipal Court. We do not so construe the complaint. The plaintiff does not deny that she made a lease with defendant; on the contrary, she asserts it. She does not ask that that lease be declared to have been void ab initio, but alleges that she was induced to make it by fraud, and for that fraud she seeks damages. It is true that she alleges an attempted rescission on her part, which failed because of the defendant's refusal to accede to it. She is not, however, asking a judgment of rescission, one which the City Court had no jurisdiction to render, and, even if she were suing in equity for a rescission, it is by no means clear that the final order in the summary proceeding would be an effective bar. Becker v. Church, 42 Hun, 258, affirmed 115 N. Y. 562, 22 N. E. 748. A person who claims that he has been induced to enter into a contract by fraud is not confined to a single remedy. If sued for the consideration or a part of it, he may defend by pleading the fraud that was practiced upon him, or he may sue in equity for a rescission, or he may affirm the contract, and sue at law for the damages which he has suffered by reason of this fraud. It is the latter course which the plaintiff has chosen. We have not overlooked the provisions of section 2244 of the Code of Civil Procedure, which permits a tenant to set up in a dispossession proceeding "any new matter constituting a legal or equitable defense or counterclaim," to be established in like manner as though the claim for rent in such "proceeding was the subject of an action." This provision was evidently inserted for the benefit of the tenant, who before the adoption of this provision was confined to the simple issue as to whether or not he owed any rent. It is permissive, and not mandatory. Apart from all other considerations, a sufficient reason for not setting up as a counterclaim in the Municipal Court the claim asserted in this action is that this plaintiff could have recovered there no more than $500. Laws 1902, pp. 1489, 1540, c. 580, § 1, subd. 13, and section 157. We think it clear, therefore, that the question whether or not the plaintiff was induced to enter into the lease by fraud was not involved, actually or by necessary implication, in the proceedings in the Municipal Court, and that the adjudication in that court went no further than to determine that the parties had made a lease, leaving untouched the question whether or not the plaintiff was induced to make that lease by fraud.

The plaintiff's present claim for damages could not, properly speaking, have been set up as a defense to the summary proceeding, nor could it have been set up as a defense to an action for rent, which is

the test provided by section 2244 of the Code. If pleaded at all, it must have been by way of counterclaim. The plaintiff was not bound to set up the counterclaim. Brown v. Gallaudet, 80 N. Y. 413. The cases cited by respondent (Gates v. Preston, 41 N. Y. 113; Blair v. Bartlett, 75 N. Y. 150, 31 Am. Rep. 455) wherein judgments in favor of physicians for their services have been held to be a bar to actions for damages for malpractice in the performance of the same services have rested upon the principle that the malpractice constituted no performance, and that the judgment for the fees necessarily implied a finding of performance (Schwinger v. Raymond, 83 N. Y. 192–197, 38 Am. Rep. 415). These cases are in precise accord with Reich v. Cochran, supra, but do not affect the present case, which involves no question as to the actual making of the lease. Woods v. Garcewich, 67 App. Div. 53, 73 N. Y. Supp. 472, is not in conflict with the views herein expressed. In that case the validity of the lease was not attacked. The lease was originally made by one Sickle, the owner of the premises, to Robert Garcewich, by whom it was assigned to Morris Garcewich, the defendant's husband. Morris Garcewich became a bankrupt, and his receiver in bankruptcy sold the lease to the plaintiff Woods, who went into possession of the leased premises. Subsequently the defendant Henrietta Garcewich demanded possession, claiming that her husband had assigned the lease to her before his bankruptcy. There thus arose a controversy, not as to the validity of the lease, but as to the title to it, and the consequent right of possession. In the summary proceedings in the Municipal Court between plaintiff and defendant, both claiming ownership of the lease by assignment, the validity of that which appeared on its face to be prior in point of time was necessarily and directly involved, and was raised by the pleadings, and the opinion of the court goes no further than to hold that the judgment of the Municipal Court was conclusive upon that point. We are therefore of the opinion that the final order in the summary proceedings constituted no bar to the prosecution of the present action for damages. Prince v. Jacobs, 80 App. Div. 243, 80 N. Y. Supp. 304.

The determination of the Appellate Term and the judgment of the City Court must be reversed, and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM and CLARKE, JJ., concur.

PATTERSON, P. J. (dissenting). I am unable to concur in the views expressed in the majority opinion of the court on the appeal in this action. The allegations of the fourth paragraph of the complaint are therein treated as surplusage. They have virtually been eliminated from the pleading, and the action has been left to stand simply as one to recover damages for deceit. If that may be done, then the conclusion reached is justified; for it is an ancient maxim in pleading that, "Surplusagium non nocet," but that maxim has no place in the construction of a pleading which from its whole framework shows that the pleader intended the disregarded allegations to be material and essential parts of the cause of action. It is well settled that a person

situated as this plaintiff was has one of three remedies that may be resorted to, and the adoption of one excludes the others. She either could have rescinded the contract by restoring or tendering the lease, and then have brought an action, or might have kept what was received and sued to recover damages for the fraud, or commenced an action in equity to rescind and for equitable relief, offering in the complaint to restore what was received. These actions are all fundamentally different. Gould v. Cayuga Nat. Bank, 86 N. Y. 84. The general rule relating to such remedies is stated in Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. It seems to me that a simple perusal of the complaint in this case evinces the deliberate purpose of the pleader to sue as upon a rescinded transaction; the motive of that rescission being the fraud of the defendant in inducing the plaintiff to make the contract for the lease. In that aspect the fourth paragraph of the complaint is not only germane to, but is an essential part of, the cause of action. It cannot be ignored by the simple suggestion that without it there are sufficient averments in the complaint to maintain an action for deceit. One of three inconsistent remedies has been deliberately selected, and the complaint contains every allegation which the law requires to be made to entitle a person to recover as upon a rescinded contract. Here by the complaint it is alleged, in substance, that the plaintiff was willing, and offered before the action was brought, to restore what she had received under the contract with the defendant, and that allegation is made the very basis of her action. If I am right in this construction of the pleading, the judgment should be affirmed, for the final order in the summary proceeding was an adjudication that the lease was binding upon the plaintiff, and hence she could not maintain this action. Fraud might have been set up as a defense to the summary proceedings, under the provisions of section 2244 of the Code of Civil Procedure, precisely in the same way as new matter constituting a legal or equitable defense or counterclaim in an action for rent. In Woods v. Garcewich, 67 App. Div. 53, 73 N. Y. Supp. 472, it was held by this court that in summary proceedings in a Municipal Court in the city of New York the assignment of a lease might be attacked on the ground of fraud and the decision of that court would be a bar to an action to set aside the assignment. What was decided in that case is controlling in this; the only difference being that in the case cited the fraud was affirmatively set up as a matter of defense, while here the summary proceeding passed against the plaintiff by default. But in Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607, it was stated that a judgment taken by default in summary proceedings by a landlord for nonpayment of rent is conclusive between the parties as to the existence and validity of the lease, the occupation of the tenant, and that rent is due, and also as to any other facts alleged in the petition or affidavit which are required to be alleged as a basis of the proceeding, citing Brown v. Mayor, 66 N. Y. 385, Jarvis v. Driggs, 69 N. Y. 143, and Nemetty v. Naylor, 100 N. Y. 562, 3 N. E. 497, thus applying to summary proceedings in ejectment the rule stated in Pray v. Hegeman, 98 N. Y. 351, that the estoppel of a judgment extends to every material matter within

the issues which was expressly litigated and determined, and also as to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. The case of Prince v. Jacobs, 80 App. Div. 244, 80 N. Y. Supp. 304, does not seem to me to be a controlling authority in this case. I do not gather from the report of that case that the question was raised as to the summary proceedings constituting either a bar or an estoppel to the plaintiffs' action, which was purely one for damages at law, they retaining what they had received.

I think the judgment should be affirmed.

LAMBERT, J., concurs.