(76 Misc. Rep. 438.)

### SEVENTY-EIGHTH STREET & BROADWAY CO. v. ARCHES et al.

(Supreme Court, Appellate Term. May 9, 1912.)

JUDGMENT (§ 725*)—RES JUDICATA—QUESTIONS CONCLUDED.

A final order in summary proceedings to dispossess the tenant is res judicata on the issues whether the tenant continued in possession and whether he defaulted in the payment of the rent reserved, and the tenant may not in a subsequent action for the rent set up the defense of partial eviction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1255–1257; Dec. Dig. § 725.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Seventy-Eighth Street & Broadway Company against Mary Arches and another. From a judgment for defendants on their counterclaim, entered on the verdict of a jury in the Municipal Court of the City of New York, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Maurice Nagler, of New York City, for appellant.
Bernard Gordon, of New York City, for respondents.

SEABURY, J. This is an action for rent. The defendants pleaded a counterclaim for damages for an alleged partial eviction. Against the defendants' counterclaim, the plaintiff relied upon a final order heretofore made in favor of the plaintiff and against these defendants in summary proceedings. This final order was res adjudicata upon the issue as to whether the defendants, as tenants, continued in possession of the premises, and as to whether the defendants defaulted in the payment of the rent reserved. Reich v. Cochran, 151 N. Y. 122, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607; Meyerhoffer v. Baker, 121 App. Div. 797, 106 N. Y. Supp. 718. If the defendants had been evicted, it is clear that they could not have continued in possession, and that rent was not due. To allow the defendants now to set up the defense of eviction is to permit them to con-

trovert facts essential to the plaintiff's right to the final order. The direct converse of what these defendants have been permitted to prove was conclusively established by the final order.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

