FAIRVIEW-CHASE CORPORATION, Respondent, *v.* PHILIP SCHARF and Another, Appellants.

First Department, January 25, 1929.

*Emil Weitzner* of counsel [*Herdling & Scharf*, attorneys], for the appellant Philip Scharf.

*Harold Nathan* of counsel [*Mortimer Brenner* with him on the brief; *Cook, Nathan & Lehman*, attorneys], for the appellant Alice C. McCoy.

*Abraham J. Halprin*, for the respondent.

PROSKAUER, J. On August 1, 1925, the plaintiff's assignor, Charles Steiner, leased ocean-front property at Rockaway Beach from Alice C. McCoy, for a term of twenty-one years. In the lease the property is described as having a depth of " 486 feet to the high-water mark of the Atlantic Ocean  *  *  *. Subject to encroachments by the Atlantic Ocean. Subject also to state of facts an accurate survey would show, unless the title is made unmarketable thereby  *  *  *." At the time of the execution of the lease, Steiner deposited $20,000 with the defendant Scharf, who was the landlord's attorney. Scharf executed a receipt which recited that the $20,000 was " to be held by him in escrow in connection with lease  *  *  *. Upon the certification by the Title

Guarantee & Trust Company of the marketability of the title of said lease," Scharf was "to pay over Fifteen thousand dollars " to the lessor " and retain the balance for brokerage." In the event that title was found unmarketable, Scharf was to return the entire $20,000 to Steiner. Thereafter the Title Guarantee and Trust Company certified that the title was marketable, with the exception that the survey showed that the depth of the property extended only 125.50 feet to the high-water mark of the Atlantic ocean. The demised premises thus had a depth of only about one-third of that indicated by the description contained in the lease. The agreement provided that the examination of the title was to be completed by September first. It was not completed upon that date and the September rent was paid in advance of the making of the survey.

While the Special Term has found that this payment was made with full knowledge of the actual dimensions of the property, we find no evidence to sustain this finding, which must at all events be reversed.

The Special Term properly found that the time for the completion of the title examination was extended, and this examination was in fact completed shortly after September seventeenth. After receipt of the title company's survey, the plaintiff, as Steiner's assignee, demanded from Scharf the return of the $20,000. Upon Scharf's refusal to repay the money, the plaintiff instituted this action against Scharf alone to recover the $20,000. The original complaint predicated the right of recovery solely upon the ground that the title company had certified the title to be unmarketable. Thereafter, on October twenty-sixth, the plaintiff instituted an action in Queens county against Alice C. McCoy, alleging that the making of the lease had been induced by false representations and seeking a rescission of the lease, the return of the September rent, and an injunction restraining the institution of any proceedings upon or under the lease. On October twenty-seventh Alice C. McCoy instituted in the Municipal Court a dispossess proceeding. The petition, in conformity with the statute (Civ. Prac. Act, § 1425, added by Laws of 1921, chap. 199, as amd. by Laws of 1924, chap. 514), contained a demand for personal judgment for the October rent. The plaintiff appeared in this proceeding, secured several adjournments, but filed no answer, and on December twenty-sixth a final warrant was issued in the dispossess proceedings and a judgment for the October rent was entered against the plaintiff. Meanwhile, on motion of the defendant Scharf, Alice C. McCoy was added as a party defendant in this action and the defendant Scharf was permitted

to deliver to the county clerk, subject to the further order of the court, certain mortgage certificates which he had purchased with the $20,000. A supplemental complaint in this action was served on or about the 24th of December, 1925. Its allegations differ materially from those of the original complaint. In it is set forth that the defendants represented that Alice C. McCoy was the owner of the premises described in the lease, that the plaintiff's assignor entered into the lease in reliance on these representations, that they were false and known to the defendants to be false, and that the title company's certificate and survey showed the unmarketability of the title. There was also an allegation of the escrow receipt executed by the defendant Scharf and a demand for judgment against both defendants for the sum of $20,000.

The action was tried by the Special Term evidently by consent of the parties. Judgment was rendered for $5,000 against the defendant Scharf and for $15,000 against the defendant Alice C. McCoy. There was a further direction that in the event that these sums were not paid, the defendants should execute an assignment to the plaintiff of the mortgage certificates deposited with the county clerk and the county clerk should deliver the certificates to the plaintiff. The Special Term found upon ample evidence that the fraudulent representations were made and relied upon. The defendants cannot escape liability for these representations because of the clause in the lease reciting that the title was subject to encroachments of the Atlantic ocean. The evidence supports the finding that the plaintiff's assignor was induced to sign this lease by affirmative misrepresentation that the encroachments of the sea had not reduced the depth of the property as described in the old deeds by more than about forty feet.

The defendants, however, urge a reversal on the ground that the warrant of dispossess and the judgment for rent rendered in the summary proceeding in the Municipal Court are *res adjudicata* as to the present action. This defense cannot of course avail the defendant Scharf who was not a party to the dispossess proceeding and as to him the judgment must be affirmed. The serious question is whether plaintiff may procure a judgment of rescission against the defendant McCoy based on fraudulent representations concededly known at the time of, but not asserted in the summary proceeding.

Though the plaintiff could not have secured affirmative equitable relief by way of counterclaim in the Municipal Court, it could have set up the deceit practiced upon its assignor as a defense in the dispossess proceeding. The effect of its failure there to assert its defense has been authoritatively determined in *Reich* v. *Cochran*

(151 N. Y. 122) where a warrant in a dispossess proceeding was held to be a complete bar to a subsequent action in equity by the tenant to procure a judgment declaring that the lease was a fraudulent cover for a usurious loan of money. It was held that the determination of the Municipal Court (then the District Court) " comprehended and involved every question relating to the validity of the lease and the relation between the parties, and the estoppel of the judgment extends to them even though they were not litigated or considered in that proceeding." The tenant there could, of course, have procured no affirmative relief in the Municipal Court; none the less, its failure to set up as a defense its claim of legal infirmity in the lease was held to be a bar to the subsequent assertion of an equitable demand for affirmative relief. That holding is controlling.

It is true that in *Meyerhoffer* v. *Baker* (121 App. Div. 797) it was held by a sharply divided court that a warrant in dispossess proceedings would not bar a subsequent action at law for damages for deceit in procuring the lease, but that action proceeded upon the basis of an affirmance of the lease and a demand for money damages occasioned by the fraud. The present action proceeds upon the basis of a disaffirmance of the lease as invalid.

Upon the appeal of Alice C. McCoy the judgment as far as it is against her should be reversed and judgment directed in her favor against the plaintiff.

The judgment appealed from should, therefore, be modified in accordance with this opinion and as so modified affirmed, with costs to the plaintiff against the defendant Scharf, and with costs to the defendant McCoy against the plaintiff.

DOWLING, P. J., and MCAVOY, J., concur; MERRELL and FINCH, JJ., dissent.

FINCH, J. (dissenting). I concur in the holding that the plaintiff may rescind because of the affirmative misrepresentation ·as to the depth of the property, and may recover as against the defendant Scharf. In my opinion the plaintiff may also recover as against the principal defendant McCoy the money which it parted with upon the faith of the misrepresentation. My colleagues agree that there is a *quasi* contractual obligation resting upon the defendant McCoy to return the money inequitably held, but hold that this result may not be reached because of the failure of ·the plaintiff to defend in the Municipal Court summary proceedings although the plaintiff had already started in the Supreme Court this action asking for the return of the money on the ground of misrepresentation.

To my mind, the judgment obtained by defendant McCoy in the summary proceedings to dispossess the plaintiff for non-payment of rent under the voidable lease herein is not *res adjudicata* as to the present action. As noted, the plaintiff had already started this action, admitting that a lease was entered into, under which rent was to be paid, but seeking to rescind the same because entered into through misrepresentation. When the defendant McCoy thereafter started the summary proceedings in the Municipal Court, the plaintiff herein did all and more than it was required to do when it moved to enjoin such proceedings. When the plaintiff was defeated upon the motion to enjoin the Municipal Court proceedings, it did nothing inconsistent with this prior action when it defaulted in the Municipal Court action and permitted the plaintiff therein to recover the premises. The plaintiff had no desire to retain possession of the premises and, according to its contention, it was not ultimately liable for the rent, but until a judgment of rescission could be obtained in this action the plaintiff would have to admit that a lease had been made and that rent was due thereunder which had not been paid. Under these circumstances the judgment entered in the summary proceedings upon defendant's default is not *res adjudicata* in this action. (*Meyerhoffer* v. *Baker*, 121 App. Div. 797; *Becker* v. *Church*, 42 Hun, 258; affd., 115 N. Y. 562.) The case of *Reich* v. *Cochran* (151 N. Y. 122) is not an authority against this view, since there the court held that the defense of usury made the lease void *ab initio*. In *Reich* v. *Cochran* the finding in the Municipal Court (then the District Court) that there was a valid lease under which the rent was due was a finding inconsistent with the subsequent action which the plaintiff brought to adjudicate that there was never a valid lease on the ground of usury. The plaintiff also acquiesced in the judgment for rent in *Reich* v. *Cochran*, by satisfying the same before starting his action to declare the lease void *ab initio*.

I, therefore, am in accord with the opinion of the learned Special Term and vote to affirm the judgment appealed from.

MERRELL, J., concurs.

Judgment modified in accordance with opinion of PROSKAUER, J., and as so modified affirmed, with costs to the respondent against the appellant Scharf, and with costs to the appellant Alice C. McCoy against the respondent. Settle order on notice.