FAIRVIEW-CHASE CORPORATION, Appellant and Respondent, *v.* PHILLIP SCHARF, Appellant, and ALICE McCOY, Respondent.

(Argued March 25, 1930; decided May 15, 1930.)

*Frank C. Laughlin* and *Stewart W. Bowers* for appellant.
The recovery against the defendant Scharf cannot be

sustained on the theory that it is for damages for fraud. (*Reno* v. *Bull*, 226 N. Y. 546.) The trial court having found that no misrepresentations were made to the plaintiff or relied upon by the plaintiff, and the plaintiff being a mere assignee of the lease it clearly has no right of action against the defendant Scharf. (*Rosenwasser* v. *Blyn Shoes*, 246 N. Y. 340; *Ettar Realty Co.* v. *Cohen*, 163 App. Div. 409; *Fox* v. *Hirschfeld*, 157 App. Div. 364.) The judgment in the dispossess proceedings is an adjudication against the plaintiff on all the material allegations of its complaint and is binding upon it as to the defendant Scharf. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Rich* v. *Cochran*, 151 N. Y. 122; *Hermitage Co.* v. *Levine*, 248 N. Y. 333; *Susquehanna S. S. Co.* v. *Anderson & Co.*, 239 N. Y. 285; *First National Bank* v. *Chalmers*, 134 N. Y. 43; *Rector* v. *Teed*, 120 N. Y. 583; *Hamilton* v. *Hamilton*, 127 App. Div. 871; *Gifford* v. *Corrigan*, 117 N. Y. 257; *City of New York* v. *New York City Ry. Co.*, 193 N. Y. 543.)

*Abraham J. Halprin* for plaintiff, respondent and appellant. The default judgment entered in the dispossess proceeding does not bar a recovery by the plaintiff. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Meyerhoffer* v. *Baker*, 121 App. Div. 796; *Prince* v. *Jacobs*, 80 App. Div. 243; *Folger* v. *Raczek*, 167 App. Div. 167.) The plaintiff's assignor did not receive the title it bargained for. (*Schulman* v. *Cornman*, 221 App. Div. 170; *McCarter* v. *Crawford*, 245 N. Y. 43; *Flickinger* v. *Glass*, 170 N. Y. Supp. 459; *Paine* v. *Upton*, 87 N. Y. 327; *Paul* v. *Swears*, 138 App. Div. 638; *Rahen* v. *Risnikoff*, 95 App. Div. 68.)

*Harold Nathan, Mortimer Brenner* and *Joseph Solomon* for defendant, respondent. The judgment in the dispossess proceedings is an adjudication against the plaintiff on all of the material allegations of its complaint. (*Last*

*Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683; *Reich* v. *Cochran*, 151 N. Y. 122; *Nemetty* v. *Naylor*, 100 N. Y. 562; *Brown* v. *Mayor*, 66 N. Y. 385; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Jacobson* v. *Miller*, 41 Mich. 90; *Townsend* v. *Read*, 13 Daly, 198; *Phipps* v. *Oprandy*, 69 App. Div. 497; *Zerega* v. *Will*, 34 App. Div. 488; *Hawkins* v. *Ringler & Co.*, 47 App. Div. 262; *Pierson* v. *Hughes*, 102 N. Y. Supp. 528; *Drydock R. R. Co.* v. *North & East River Co.*, 3 Misc. Rep. 61; *Hughes* v. *Goldstein*, 124 Misc. Rep. 518; *Hafner* v. *Collins*, 177 N. Y. Supp. 868; *Solomon* v. *Gleichenhaus*, 131 N. Y. Supp. 599; *Cromwell* v. *County of Sac*, 94 U. S. 357; *Bissell* v. *Spring Valley Township*, 124 U. S. 225; *New Orleans* v. *Citizens Bank*, 167 U. S. 371; *New York Life Ins. Co.* v. *Bangs*, 103 U. S. 780.) The plaintiff's assignor did not rely upon any alleged misrepresentation as to the demised property. (*Long* v. *Warren*, 68 N. Y. 426; *Vandewalker* v. *Osmer*, 65 Barb. 556; 56 N. Y. 658; *De Milt* v. *Hill*, 89 Hun, 56; *Kaston* v. *Zimmerman*, 192 App. Div. 511; *Southern Dev. Co.* v. *Silva*, 125 U. S. 247; *Farrar* v. *Churchill*, 135 U. S. 609; *Kreshover* v. *Berger*, 135 App. Div. 27; *McCarter* v. *Crawford*, 245 N. Y. 43; *Nasha Holding Corp.* v. *Ridge Building Corp.*, 221 App. Div. 238.) Plaintiff's assignor received exactly the title bargained for. (*Nasha Holding Corp.* v. *Ridge Building Corp.*, 221 App. Div. 238; *Schulman* v. *Cornman*, 221 App. Div. 170; *Wendell* v. *People*, 8 Wend. 183; *Jackson* v. *Frost*, 5 Cow. 346; *Brown* v. *Huger*, 21 How. 305; *Northern Pacific Ry. Co.* v. *United States*, 191 Fed. Rep. 947; 227 U. S. 355.)

*Jay Leo Rothschild, amicus curiæ.*

*Per Curiam.* The complaint was properly dismissed as against the defendant McCoy, the maker of the lease. The final order in the summary proceeding to dispossess

the tenant is an adjudication, conclusive in favor of the landlord as against the other party to the proceeding, that there was a valid and subsisting tenancy (*Reich* v. *Cochran*, 151 N. Y. 122).

The complaint was properly upheld as against the defendant Scharf, though we relieve him of the imputation of any actual fraud. The default in the dispossess proceeding resulted in an affirmance of the lease as between the landlord and the tenant. It did not determine the effect of an independent contract between tenant and attorney. If resort be had to that contract to determine the attorney's obligations, the conclusion, we think, follows that the deposit must be returned in so far as it includes the compensation which he was authorized to retain in specified contingencies. We think the title company did not give such a certificate of a marketable title to the leasehold as was within the contemplation of the parties to the escrow agreement (*Paine* v. *Upton*, 87 N. Y. 327; *Higinbotham* v. *Stoddard*, 72 N. Y. 94), and the condition has never been satisfied upon which the attorney was at liberty to pay the money to himself.

The judgment should be affirmed with costs to the plaintiff against the defendant Scharf, and with costs to the defendant McCoy against the plaintiff.

CARDOZO, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ., concur; POUND, KELLOGG and HUBBS, JJ., dissent and vote for reversal as to the defendant Scharf.

Judgment accordingly.