Arthur Wachtel, J.
This action was brought for damages for $3,000 ‘ ‘ for the wilful, malicious and unlawful eviction of the plaintiff by the defendant from apartment 5-B at premises 1681 Vyse Avenue, Bronx, N. Y.”, in that, “ the defendant through his agent, servant and employee changed the lock thereby preventing the plaintiff from entering his apartment ’ ’ and plaintiff claims such alleged eviction occurred on or about October 14, 1955. On October 31, 1955 the landlord commenced summary proceedings for nonpayment of the October rent but no final order was entered in said proceeding. The rent was paid into court by the tenant on November 5, 1955.
This action was commenced on November 4, 1955. After the commencement of this action, to wit on November 9, 1955, a summary proceeding for nonpayment of rent for the month of November was instituted by the defendant and a final order was made therein in favor of the defendant on November 17,' 1955 upon the default of the tenant, plaintiff in this action.
The defendant originally interposed only a general denial and moved for summary judgment dismissing the complaint upon the ground that the final order of November 17, 1955 conclusively established that the tenant was in possession at the time of the alleged eviction. This motion was denied by this court and thereafter the defendant moved for leave to serve a supplemental answer setting up res judicata as an affirmative defense and this motion was submitted to and granted by another Justice of this court. The defendant thereupon served such supplemental answer and now moves to vacate the order denying his motion for summary judgment and renews his application to this court to dismiss the complaint upon the basis of the said affirmative defense of res judicata.
The determination of this motion rests upon the extent to which the final order of November 17, 1955 has adjudicated the issues as between the landlord and the tenant. The petition which is the basis of the said final order alleges as follows: “ Your petitioner is the owner in fee and Landlord of the premises hereinafter described and that your petitioner as such Landlord on or about the 15th day of October, 1952 took title to said premises at which time Stanley Klein and Lynn Klein his wife, were tenants thereof, and have since remained Tenants thereof, and on said date . . . the said Tenants hired from the said Landlord for dwelling purposes the premises described and designated . . . That said Tenant remained in possession of the said premises and still occupies the same. That on the first *793 day of November 1955 there was due to said Landlord under and by virtue of said agreement the sum of $37.65 for one month’s rent of said premises before described, to wit, from the first day of November, 1955 to the 30th day of November, 1955.”
The defendant landlord claims that the final order of November 17,1955 conclusively establishes “ the uninterrupted possession by the tenant from the time the tenancy began until the time of the proceeding ” and that the tenant cannot reopen the issue of possession by a separate action for damages for eviction on October 14.
The difficulty with defendant’s conclusion is that it is based upon an incomplete statement of the rule, and accordingly, a re-examination of the rule is required. (See Rudd v. Cornell, 171 N. Y. 114,127-129.)
A number of the cases cited by counsel for the defendant were brought prior to the 1924 amendment (L. 1924, ch. 514) to section 1425 of the Civil Practice Act. Prior to said amendment separate litigations were necessary for summary proceedings to remove a tenant for nonpayment of rent and to recover the rent which was unpaid. And where an action for rent was brought subsequent to a final order upon the same facts as were recited in the petition which resulted in the final order it was held res judicata as to those facts (Brown v. Mayor, 66 N. Y. 385). The court in Brown v. Mayor (supra) relied, among others, upon the case of Demarest v. Darg (32 N. Y. 281) wherein the court said at page 290 “ The judgment of a court of competent jurisdiction upon a point litigated between the parties is conclusive in all subsequent controversies, when the same matter comes directly in question”. (Italics supplied.) In the application of the rule the courts adopted the test of consistency. Thus, an agreement to occupy premises rent free until the completion of certain alterations being inconsistent with a written lease under which the landlord obtained a final order, it was precluded thereby. (Nemetty v. Naylor, 100 N. Y. 562, 568. See, also, Barber v. Kendall, 158 N. Y. 401, 406.) The corollary to this rule developed, to the effect that even if the same matters were not specifically litigated, if they were necessarily “comprehended and involved in the thing expressly stated and decided ”, the estoppel of a former judgment would apply (Andrews, J., in Pray v. Hegeman, 98 N. Y. 351, 358). Accordingly, a determination as to the validity of a trust in general, precluded a subsequent claim that a specific direction in the trust as to accumulation of income was invalid, because, in the words of Judge Andrews, “ Whatever is necessarily implied in the former *794 decision, is for the purpose of the estoppel deemed to have been actually decided” (Pray v. Hegeman, supra, p. 358, italics supplied). But this statement must be read in the light of the facts of the case and the reasoning which formed the basis of the decision of the court that “ subordinate rights or questions which are branches of a larger right or question put in issue, and which under the pleadings may be decided and as to which relief may be given in the action, although the principal or main relief is denied, are determined by a judgment on the merits, denying all relief.” (Pp. 359-360.) The application of this rule has led the court to prohibit a tenant from seeking relief in equity from a lease allegedly a usurious mortgage (Reich v. Cochran, 151 N. Y. 122) or to rescind a lease because of alleged fraudulent misrepresentations (Fairview-Chase Corp. v. Scharf, 254 N. Y. 55) because these claims were inconsistent with the adjudication of validity of the lease implicit in the final order.
Relief was afforded the tenant, however, where he claimed damages for fraud and so was deemed to have proceeded on the theory of an affirmance of the lease (Meyerhoffer v. Baker, 121 App. Div. 797) instead of disaffirmance as in the case of rescission (Fairview-Chase Corp. v. Scharf, supra, and see opinion of Appellate Division, 225 App. Div. 232, 235-236, and cf. Jacob v. Thompson, 73 App. Div. 224). The effect of the rule of Reich v. Cochran (supra) was to compel tenants to interpose equitable claims as defenses in the summary proceedings in the Municipal Court without hope of obtaining affirmative relief because of its limited jurisdiction. Accordingly, the Judicial Council recommended (Seventh Annual Report of N. Y. Judicial Council, 1941, p. 451 et seq.) and the Legislature adopted (L. 1942, ch. 286) an amendment to section 1445 of the Civil Practice Act, whereby a final order is no longer a bar to an action or counterclaim for equitable relief where the claim for such relief was not asserted or was not litigated as a defense in the summary proceeding; and further amendments to section 1418 of the Civil Practice Act and subdivision 1 of section 28-a of the New York City Municipal Court Code, whereby a notice is required in the precept to the effect that if the tenant fails to interpose and establish any defense he may have to any claim against him by the landlord he may be precluded from asserting the claim upon which such defense is based in any other proceeding or action.
The amendments to section 1418 of the Civil Practice Act and subdivision 1 of section 28-a of the New York City Municipal Court Code refer to “ a defense” and not “ counterclaim ”, *795 This omission together with the legislative intent as indicated both in the report of the Judicial Council and the amendments themselves require in the opinion of the court strict and careful application to the facts of each case, and not an indiscriminate application which may unjustly deprive a litigant of his day in court. The rule applicable to the cases relied on by counsel for the defendant must be re-examined in the light of the facts in said cases. Upon such re-examination the rule is that a final order on default precludes the tenant from interposing as a defense to a subsequent action for rent a surrender and acceptance or constructive eviction alleged to have occurred during the same period as alleged in the petition for the nonpayment of which the final order was obtained (McCotter v. Flinn, 30 Misc. 119; Sea Gate Hotel Co. v. Nahmmacher, 112 Misc. 100; Hughes v. Goldstein, 124 Misc. 518). Where the landlord caused an actual eviction by obstructing the means of ingress during January and February a final order based upon nonpayment in January was held not res judicata as to whether or not there was an eviction in February and accordingly did not preclude the tenant from setting up the continuing actual eviction as a defense to the landlord’s summary proceeding for the nonpayment of the February rent (Seigel v. Neary, 38 Misc. 297). Strict application of the rule developed by Reich v. Cochran (supra) cited by the courts in Sea Gate Hotel Co. v. Nahmmacher (supra) and Hughes v. Goldstein (supra) reconciles the decision in Seventy-Eighth St. & Broadway Co. v. Arches (76 Misc. 438) and von der Born v. Schultz (111 App. Div. 263, affd. 188 N. Y. 596) which are relied upon by counsel for the defendant. In the Arches case (supra, p. 439) the court prohibited a counterclaim for damages for partial eviction in an action for rent because “ To allow the defendants now to set up the defense of eviction is to permit them to controvert facts essential to the plaintiff’s right to the final order.” The court cited with approval both Reich v. Cochran (supra) and Meyerhoffer v. Baker (supra). In von der Born v. Schultz (111 App. Div. 263, 265, supra) the tenant was barred from suing on an alleged agreement to apply certain moneys to the rent because that “ would have been a complete defense [in the summary proceeding], and was necessarily comprehended in the issue whether the plaintiff was in arrears for rent and could be removed therefor ”, citing in support the cases of Nemetty v. Naylor (supra); Reich v. Cochran (supra); Barber v. Kendall (supra), and Brown v. Mayor (supra). This application of the rule is in conformity with the limitations that have been imposed by the courts, to wit, that a judgment concludes the parties only *796 as to the grounds covered by it and the facts necessary to uphold it and although a judgment in express terms professes to affirm a particular fact yet if such fact is immaterial and the controversy does not turn upon it the judgment will not conclude the parties in reference to that fact (People ex rel. Reilly v. Johnson, 38 N. Y. 63, 65). The Court of Appeals in an opinion by Judge Bartlett in Stokes v. Foote (172 N. Y. 327, 341, 342) reaffirmed this rule and then restated the rule set forth in Reich v. Cochran (supra) as follows at pages 344 to 345: “ There is no doubt as to the general rule that a judgment of a court of competent jurisdiction is final and conclusive upon the parties, not only as to the issues actually determined, but as to every other question which the parties might or ought to have litigated ’’ and then added this cautionary statement ‘‘ In other words, all the issues that were necessarily involved ” (italics supplied). This limitation has given rise to the further rule that ‘‘ where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact, must show affirmatively that it went upon that fact, or else the question is open for a new contention ” (Lewisv. OceanNav. & Pier Co., 125 N. Y. 341, 348). And see Rudd v. Cornell (171 N. Y. 114, supra).
Accordingly, the defendant has the burden of proof to show that the final order in this case went upon specifically the issue as to possession in October.
To argue as the counsel for the defendant does that ‘ ‘ continuous possession under the agreement will be necessarily implied unless it were specifically negatived in the petition for some reason ” is to extend the rule beyond its proper scope. In any event, an actual partial eviction as distinguished from a constructive eviction is not inconsistent with possession, nor would possession by the tenant be a defense thereto (Seigel v. Neary, 38 Misc. 297, supra, and see Harfried Realty Co. v. Spuyten Amusement Corp., 150 Misc. 904, 905). Nor would an actual eviction which occurred on only one day in October followed by the resumption of possession by the tenant be a defense to a proceeding for the nonpayment of rent in November (cf. Kermacoe Realty Co. v. McKenna, 132 Misc. 293; Peerless Candy Co. v. Halbreich, 125 Misc. 889). Thus, there are triable issues which cannot be determined upon affidavits alone. Motion denied.