OPINION OF THE COURT
Seymour Schwartz, J.
Tenant moves by order to show cause to consolidate the above two nonpayment proceedings and to set aside the judgment of September 13, 1978, in Proceeding No. 1.
*113 On September 13, 1978, tenant by stipulation consented to a final judgment for $7,560 with issuance of a warrant stayed through October 28, 1978. Tenant failed to comply with the payment provisions of the stipulation and a warrant was issued on November 15, 1978, and a 72-hour notice was served. On November 24, 1978, tenant initiated an order to show cause to vacate the judgment on the ground that $12,600 had been paid into court and received by the landlord and on December 8, 1978, Judge Beverly Cohen granted the motion, and vacated the judgment. Landlord appealed from that order.
During the pendency of the appeal, landlord instituted Proceeding No. 2 for nonpayment and this was settled by a stipulation on March 30, 1979, which called for payment of $18,565.83 for rent through May, 1979. This amount was paid.
On May 23, 1979, the Appellate Term reversed the order of December 8, 1978, stating:
"Tenant’s motion to vacate the judgment brought two months after tenant entered into the stipulation, and more than three weeks after the date agreed for issuance of the warrant, was made after the warrant had issued on November 15, 1978, and a 72 hour notice had been served. Tenant offered no reason for vacating the warrant other than his readiness to pay the arrears in full. * * *
"Relief from a warrant of eviction may be granted in appropriate circumstances (Iltit Assoc. v. Beverly Sterner, 63 A. D. 2d 600; Third City Corp. v. Lee, 41 A. D. 2d 611), however, no cause has been shown in this proceeding, other than payment of the arrears, which is insufficient.”
Tenant contends that notwithstanding the reversal by the Appellate Term, Proceeding No. 2 was instituted on the jurisdictional basis of a claimed landlord-tenant relationship alleged by landlord and that the admitted payment and settlement of Proceeding No. 2 invalidates the warrant in Proceeding No. 1 and re-establishes the landlord-tenant relationship permitting tenant’s continued occupancy.
In the face of the order of December 8, 1978, vacating the judgment in Proceeding No. 1, landlord, while appealing, charted the correct procedural course in following the order of the court. To disobey that order pending appeal, absent a stay, would invite procedural chaos and encourage a disregard for the mandates of the court. In United Artists Corp. v 731 Seventh Ave. Rest. (75 Misc 2d 717, 718), the court held: *114 "Until there be a reversal on appeal, however, the judgment rendered in the prior summary proceeding is res judicata as to the existence of a valid and subsisting lease and this court and all parties are bound by that ruling. (Meyerhoffer v. Baker, 121 App. Div. 797; 3 Rasch, New York Landlord and Tenant, § 1371.)”
Until the reversal by the Appellate Term landlord was correct in relying on the decision of the court below to receive the rent and was free to pursue his remedy in Proceeding No. 2 for nonpayment.
Tenant claims that the landlord relationship was re-established voluntarily by landlord upon the institution of Proceeding No. 2; but it arose out of the order of this court vacating the judgment. When that order was reversed on appeal the relationship established by it was severed and any landlord-tenant relationship expired with it ab initio.
Nor was the relationship reinstituted by agreement. The essential terms of a new lease were not agreed to and, indeed, landlord by pursuing his appeal demonstrated a contrary intention.
The Appellate Term decision reinstated the judgment and warrant in Proceeding No 1, severed the landlord-tenant relationship, leaving this court powerless in the circumstances to set aside the judgment.
The request for consolidation is moot.
Motion denied.