**252** LIVINGSTON *v.* SPERO.

should be given by an appellate tribunal to the special adaptation of the trial court in weighing conflicting statements and inferences when there is evidence on both sides. See Coldwell-Wilcox Co. v. Sullivan, 3 App. Div. at p. 361. As is said in Donohue v. Henry, 4 E. D. Smith, 162, 164. " It is always proper where the credibility of a witness is involved, and there is anything to affect his testimony, to yield to the opinion of the court or jury before whom such witness is examined, in preference to deciding as his testimony appears on paper. The personal appearance of a witness, the mode of testifying, the degree of candor with which his evidence is given, all have, justly, much influence in deciding the degree of credit to which he is entitled."

In finding for the plaintiff for the performance of the work respecting which the negligence was charged, the justice necessarily decided that the counterclaim founded on such alleged negligence was untenable. Gates v. Preston, 41 N. Y. 113; Pray v. Hegeman, 98 id. at p. 358. Consequently the counterclaim was properly dismissed.

The evidence sustains the recovery, the exceptions are without merit, and the judgment must be affirmed, with costs.

DALY, P. J., and BISCHOFF, J., concur.

Judgment affirmed, with costs.

---

MEYER W. LIVINGSTON, Respondent, *v.* LOUIS SPERO, Appellant. Action No. 2.

(Supreme Court, Appellate Term, October, 1896.)

**Judgment — Stare decisis.**

> Where the assignee of an attorney having a claim for services, brings an action, and a counterclaim is interposed upon the ground that the attorney was negligent, and the court has considered the question of the attorney's negligence in a similar action between the two parties, its decision upon that question, made in the former case, will be followed in the latter.

APPEAL by defendant from judgment of Sixth District Court.

Oppenheim & Severance (W. F. Severance, of counsel), for appellant.

L. Bronner (M. L. Erlanger, of counsel), for respondent.

McAdam, J. The action is by the plaintiff as assignee of Mitchell L. Erlanger, an attorney-at-law, to recover $99 for professional services rendered to the defendant in the following matters: ` $75 for services rendered in the case of Schultz against Spero; $25 for services growing out of a report made by Dun's agency concerning the defendant; and $5 concerning a satisfaction piece.

The answer was a general denial, with a plea of payment, and counterclaim of $250, by reason of the gross negligence of the plaintiff's assignor as an attorney and counselor, by which the defendant sustained damages in that sum.

The justice found for the plaintiff and awarded him judgment for $75, disallowing the defendant's counterclaim and the second and third items of plaintiff's bill.

The plaintiff proved the rendition of the services in the Schultz case at the request of the defendant, and that they were reasonably worth $75, the sum for which the justice rendered judgment.

The claim that the services were rendered gratuitously or had in any manner been paid for entirely failed.

The counterclaim for negligence grows out of the same matters which have been gone over in the opinion filed this day in suit No. 1 (ante, p. 243) between the same parties, and need not be again discussed. This action like that is by an assignee, and substantially the same rulings were made here as there, and all these are effectually disposed of by the opinion in that case.

We find no error, and the judgment must be affirmed, with costs.

Daly, P. J., and Bischoff, J., concur.

Judgment affirmed, with costs.