(Supreme Court, Special Term, Onondaga County.  May, 1901.)

COSTS—TRIAL FEE.

Where plaintiffs are nonsuited, and the decision is reversed by the appellate division, and the latter decision is thereafter affirmed by the court of appeals, and judgment absolute given, a subsequent assessment of damages is not a trial for which a trial fee can be taxed, but clerks', jurors', and witnesses' fees are taxable thereon.

Action by William Young and others against the Syracuse, Binghamton & New York Railroad Company.  A judgment of nonsuit was reversed by the appellate division, which judgment was affirmed by the court of appeals.  The damages were thereafter assessed, and certain costs taxed.  Motion by defendant for retaxation.  Modified.

W. S. Jenney, for the motion.
George W. O'Brien and L. P. Lang, opposed.

HISCOCK, J.  The trial fee of $30 must be disallowed.  There has been only one trial of the action, and for that plaintiffs, without objection, have been allowed to tax a trial fee.  The assessment of damages is not a trial, or, as claimed, an inquest, so as to allow plaintiff to tax a trial fee.  The other disbursements are allowed, and the motion to disallow them denied.  I have no doubt that their allowance is amply provided for by the provisions of sections 3228, 3256, Code.

Ordered accordingly.

---

(35 Misc. Rep. 101.)

### MARSHALL et al. v. FRIEND.

(Supreme Court, Special Term, Onondaga County.  May, 1901.)

COUNTERCLAIM—VALIDITY.

Vendors of certain wool brought replevin against the receiver of the insolvent vendee to take the goods, alleging that the vendee obtained them by fraud.  Defendant set up as a counterclaim that the sheriff did not seize the goods described in the requisition delivered to him, but took goods which never belonged to the vendors.  Held that, as the counterclaim did not arise out of the transaction set forth in the complaint, it was demurrable.

Action by Jacob M. Marshall and others against Charles M. Friend, receiver of the D. J. Hamburger & Sons Company.  Demurrer by plaintiffs to counterclaim set forth in defendant's answer sustained.

See 68 N. Y. Supp. 502.

Benjamin Stolz, for demurrer.
P. E. Du Bois, opposed.

HISCOCK, J.  This action is one of replevin, brought to recover a large number of wool pelts, the wool taken therefrom and the skins thereof, otherwise known as "slots," in pickle or lime; and the sheriff of Albany county, under the process and requisition delivered to

him, has taken from the possession of defendant a large number of such wool pelts, etc. The action is based upon a complaint by plaintiffs that they and their assignor were induced to deliver the property sought by them in this action to the D. J. Hamburger & Sons Company by fraud; that it came into the possession of defendant as receiver of said company; that they have elected to rescind the purchase, and are entitled to retake the property. The answer, by its denials of allegations in plaintiffs' complaint, raises various issues. It then sets forth, by way of the counterclaim which is under consideration herein, in substance, that the identity of the pelts, etc., sold by plaintiffs and their assignor to the Hamburger & Sons Company had been lost before this action was started, and that, as matter of fact, the property taken by the sheriff herein under the requisition to him was not the property sold by said plaintiffs and assignor to the Hamburger & Sons Company, but was entirely different and other property, which did not come from them; and upon such allegations said answer seeks relief in the way of the return of said property, damages, etc.

The proposition especially urged by plaintiffs, as above stated, is that such counterclaim is not one which can be set forth and urged in this action, and with such contention I am led by consideration to agree. The question is to be settled by reference to the familiar provisions of section 501, Code, which provides that the counterclaim allowed to be set up in the answer "must be one of the following causes of action against the plaintiff. * * * A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's complaint or connected with the subject of the action." The difficulty in this case, as generally, arises in the application of the words in question to the particular facts in hand. There is no doubt but that, as claimed by defendant's counsel, a counterclaim for tort may be set forth in response to a complaint upon contract, and vice versa. The especial thing is that the counterclaim shall come within the requirements of this section of the Code, in either arising out of the contract or transaction set forth in the complaint as the foundation of plaintiffs' claim, or be connected with the subject of the action. I think that a short analysis of the facts appearing upon this argument will show that the counterclaim attempted to be set forth by the defendant here does not come within either branch of such requirements. The defendant's counterclaim is based upon the claim and allegation, in substance, that the sheriff did not seize the goods described in the requisition delivered to him in behalf of plaintiffs, and which goods alone he was entitled to take, but that, upon the contrary, he took an entirely different and distinct lot of goods, which never belonged to plaintiffs or their assignor, and which, within the allegations of their complaint, they were not entitled at all to take. Under the process delivered to him, the sheriff was entitled simply and only to take the chattels described in the affidavit delivered to him with the requisition, if found in the possession of the defendant or his agent. If he took property other than that described in the affidavit, or took it from a person other than the defendant or his agent, his process was no protection to him, and he

was guilty of a trespass.  Bullis v. Montgomery, 50 N. Y. 352, 356;
Otis v. Williams, 70 N. Y. 208.  He acted at his own peril in this
respect, and if the affidavit did not sufficiently identify to him the
property which plaintiffs were seeking in this action, and which he
was entitled, under the process issued to him, to take, it is well set-
tled that he had the right to refuse to act or to require proper in-
demnity.  We therefore have defendant charging, in effect, that the
sheriff, acting in this action, was guilty of a trespass in taking goods
which he was not entitled to take under the process delivered to him.
Now compare that cause of action set up by way of counterclaim with
the contract or transaction set forth as the foundation of plaintiffs'
claim, and with the subject of this action, and I think it must be man-
ifest that it neither arises out of the one, nor is connected with the
other.  The cause of action set forth as the foundation of plaintiffs'
complaint is that they were induced by fraud to part with the prop-
erty described in the complaint, that it passed into the defendant's
hands, and that they were entitled to retake it after a demand, etc.
Certainly the acts complained of by defendant by way of counter-
claim did not arise out of any contract or transaction set forth as the
foundation of plaintiffs' claim.  Nothing in the whole line of acts
constituting plaintiffs' alleged cause of action, from the sale of their
goods to the Hamburger & Sons Company down to the commence-
ment of the action, produced or gave birth to the facts constituting
the counterclaim.  The latter did not arise out of any of them.  It
arose, as claimed, out of an attempt to enforce a provisional remedy
after plaintiffs had started their action, and hence after their cause
of action had accrued and become perfect.  Neither is there any con-
nection between said counterclaim and the subject of the action.
The subject of the action is the pelts claimed by plaintiffs to belong
to them, and to be wrongfully withheld by the defendant.  Carpenter
v. Insurance Co., 93 N. Y. 552.  They by their complaint distinguish
those pelts as a certain lot which had been sold by them to the insol-
vent corporation, and which subsequently had passed into the pos-
session of the defendant as receiver.  Those are the only chattels
which they cover by their complaint, and which they are entitled to
recover, if at all.  The entire counterclaim and complaint of the de-
fendant rests upon the allegation that the sheriff in this action has
not taken the pelts constituting such subject of the action, but has
taken an entirely different and distinct lot, which plaintiffs never
owned, and are not entitled to recover.  He rests distinctly and af-
firmatively upon the proposition that the two lots of property are
entirely distinct, and are not in any manner whatever related or con-
nected with each other.  That is the very basis of his counterclaim.
While the facts involved in Bernheimer v. Hartmayer, 50 App. Div.
316, 319, 63 N. Y. Supp. 978, are somewhat different from those here
involved, that case nevertheless seems to go far enough to be an au-
thority in favor of plaintiffs' contention and demurrer.

The conclusion which I reach upon this ground urged against the
demurrer renders it unnecessary for me to consider, under the fur-
ther ground of demurrer, that the alleged counterclaim does not set
forth sufficient grounds to constitute a cause of action, whether de-

fendant could have relief against plaintiffs for alleged misconduct of
the sheriff in taking goods which he was not required or authorized
to do, without alleging and proving that the plaintiffs in some man-
ner directed and authorized such illegal act. The demurrer is there-
fore sustained, with $20 costs and disbursements, and the ordinary
decision and interlocutory judgment may be prepared.

Demurrer sustained, with $20 costs.