EDWARD VOSS, Appellant, *v.* GEORGE MOORE SMITH, as Receiver of the E. C. BELL MANUFACTURING COMPANY, Respondent.

*Interpleader — the action thereafter becomes one in equity — effect of the parties on the trial thereof treating it as an action at law — direction of a verdict, when improper.*

Where the defendant in an action at law triable by a jury is permitted to pay into court the amount of its liability and to substitute as defendant, in its place and stead, a person who claims that he, and not the plaintiff, is entitled to the moneys in question, the action becomes one in equity and should be tried before a court without a jury.

If, however, the plaintiff and the substituted defendant acquiesce upon the trial in treating the action as one at common law triable by a jury, the court has no power to direct a verdict if the evidence given raises a question of fact.

APPEAL by the plaintiff, Edward Voss, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 30th day of January, 1903, upon the verdict of a jury rendered by direction of the court after a trial at the New York Trial Term.

*Max D. Steuer,* for the appellant.

*George C. Norton,* for the respondent.

PATTERSON, J.:

This action was originally brought against the Firemen's Insurance Company of Maryland to recover the amount of a fire loss

alleged to be due the E. C. Bell Manufacturing Company, under a policy of insurance issued to it by the insurance company. The claim arising under the policy was assigned to the plaintiff. The defendant, George Moore Smith, receiver of the Bell Manufacturing Company, having asserted a claim against the insurance company under the policy mentioned, an application was made by the original defendant to interplead the receiver, and that motion was granted. The money was paid into court, the insurance company was discharged from the action and it was reconstituted by making Smith, receiver, the sole defendant. The receiver interposed an answer in which he set up that the assignment of the claim by the E. C. Bell Manufacturing Company to the plaintiff was made for the purpose of hindering, delaying and defrauding the *bona fide* creditors of that corporation, which, at the time the assignment was made, was unable to meet its ordinary and current obligations, was then insolvent and that such insolvency was known to the directors of the E. C. Bell Manufacturing Company, and that the assignment was without consideration; and, further, that the said assignment was made when the corporation was insolvent or its insolvency was imminent and with the intent of giving a preference to the plaintiff as an alleged creditor over other creditors of the corporation and contrary to law and the statute in such case made and provided.

When the case came on for trial it was treated by both parties as a common-law action, triable by a jury, although the action had become one in equity, to be tried by the court without a jury. That was expressly held in *Clark* v. *Mosher* (107 N. Y. 118). That action had originally been begun as one at law; a third party, claiming to own the cause of action, was brought in and substituted as defendant and the original defendant was discharged on payment into court of the amount of the demand. It was held that the action became an equitable one, triable by the court, and neither party had a right to a trial by jury, and that where in such an action the trial judge impaneled a jury and submitted a single question of fact and disregarded their findings and found the fact to the contrary, the judgment entered pursuant to the findings and conclusions of the court was regular.

In the present case the parties chose to have the whole issues submitted to a jury, as in the trial of an action at law. The atten-

tion of the court does not seem to have been drawn by either party to the real status of the action. Having acquiesced in the mode of trial adopted, the case should have gone to the jury precisely in the same way as any other common-law issues would be submitted to a jury.

The defense set up was that the assignment to the plaintiff was void by reason of the insolvency or the imminence of insolvency of the corporation well known to the parties to the transaction at the time the assignment was made. The principal witness to the transaction was Eugene C. Bell, the president of the E. C. Bell Manufacturing Company. His testimony relating to the condition of the company at the time the assignment of the claim on the insurance policy was made to the plaintiff was, in one aspect of it, such as to indicate that the assignment was a *bona fide* transfer of the claim, was not made while the company was actually insolvent or when insolvency was imminent and would have justified a jury in concluding that the transaction was not tainted with the infirmity attributed to it by the defendant. On the other hand, his examination disclosed that he had, at about the time the assignment was made, caused schedules of the liabilities and assets of the E. C. Bell Manufacturing Company to be prepared, from which it would appear that the company was insolvent when the assignment to the plaintiff was made, and which would authorize the inference that such assignment was made in view of the insolvency of the company and to give a preference to the plaintiff. The learned judge presiding at the trial was convinced that the assignment was made for the purpose of defrauding other creditors of the E. C. Bell Manufacturing Company, and that there was evidence to show by the testimony of Mr. Bell himself that the corporation, at the time the assignment was made, was insolvent, and that it was made as a preferential assignment, distinctly prohibited by law, and thereupon he directed a verdict for the defendant.

If the case had been tried as it should have been, as one in equity, the entire disposition of which was with the court, we should not feel inclined to differ with the view which the learned judge took of the effect of the testimony and of the credibility of the witness Bell, but as the case was tried, by the acquiescence of the parties, as one at law, the question of the credibility of the witness and the

effect of the testimony should have been submitted to the jury. It was the belief of the trial judge that controlled, he having directed a verdict, and the jury were thus compelled to accept his view of the evidence instead of their own.

In *Williams* v. *D., L. & W. R. R. Co.* (155 N. Y. 162) it was declared that the rule and policy of the law is to allow all testimony to go to and be weighed by the jury, and that the question of credibility is, in all cases, one for the jury, and, hence, where the plaintiff's testimony differs from that which he has given on a previous trial, and if credited by the jury would have entitled him to a verdict, the trial court has no right to treat it as untrue, as matter of law, and take the case from the jury, but should leave it to them to say whether the testimony is entitled to belief.

Here the plaintiff undertook to explain the statements contained in the schedules, which were contradictory of the testimony he gave on the trial, respecting the condition of the company when the assignment was made to the plaintiff. The whole of his testimony should have gone to the jury.

In view of the way in which the case was tried, there seems to be no alternative to a reversal of the judgment.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

O'BRIEN, INGRAHAM and HATCH, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed and new trial ordered, with costs to appellant to abide event.