GOLDBERG v. SCHLESSINGER.

(Supreme Court, Appellate Term. January 25, 1904.)

1. JUDGMENTS—RES JUDICATA.

Where defendant assigned a claim against plaintiff for work performed, and the assignee sued plaintiff thereon, and issue was joined on the workmanlike manner in which the job was done, the judgment rendered for the assignee was a bar to a subsequent action by plaintiff against defendant for damages for improper performance of the work.

MacLean, J., dissenting.

Appeal from City Court of New York.

Action by Joseph Goldberg against John B. Schlessinger. From a judgment of the City Court for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

Louis B. Boudin, for appellant.
Henry Kuntz (Edward A. Brown, of counsel), for respondent.

86 N.Y.S.—14

DAVIS, J. This action was brought to recover damages for the breach of a contract to dye 84 fox skins. The plaintiff delivered the skins to the defendant, who agreed to dye them in a color known as sable. The plaintiff alleges that the defendant, in his effort to dye them, so burnt them that they became absolutely valueless. He sued for the value of the skins. At the close of the case the jury was dispensed with, both parties stipulating that the justice presiding might decide it. The answer, after setting forth certain denials, alleges by way of separate defense that the plaintiff promised to pay the defendant a certain sum of money as compensation for the work of dyeing the furs; that he failed to pay; that thereafter the defendant assigned his claim against the plaintiff on account of this work, together with some other claims, to one Peter Raden; that thereafter Raden, as such assignee, brought an action against the plaintiff in the Municipal Court of the City of New York, First District, to recover, among other things, a sum of money which the plaintiff promised to pay the defendant for work of dyeing the furs mentioned in the first cause of action of the complaint herein; that plaintiff appeared by his attorney, and denied that the defendant did his work properly, and that issue was joined in that action; that thereafter, on the 15th day of September, 1903, the action in the Municipal Court was tried, and judgment rendered in favor of Raden and against the plaintiff herein for the full amount of the claim, and that in the Municipal Court action there was satisfactory proof that the defendant herein performed his work of dyeing the furs mentioned in the first cause of action set forth in the amended complaint herein in a proper and workmanlike manner, that the judgment in the Municipal Court was entered on the 15th day of September, 1903, and that the issues set forth in the complaint herein was determined by the Municipal Court adversely to the plaintiff herein. The evidence in the case clearly shows that the action in the Municipal Court was to recover the value of the services performed by the defendant herein for the very work which the plaintiff here claims the defendant agreed to perform upon the skins mentioned in the first cause of action set forth in the complaint. The question of the proper performance of his contract to dye the skins referred to was necessarily involved in the issues raised in the Municipal Court action. The judgment in that court established the fact that the defendant herein fully performed his contract to dye these skins. It follows, therefore, that the same question could not be raised again in this action. But, notwithstanding it is res adjudicata, it was allowed to be litigated as the main issue in the case at bar.

The plaintiff, however, claims that defendant entered into a contract of warranty which survived the recovery in the Municipal Court action, that this agreement of warranty was one separate and distinct from the contract for work, labor, and services, and that, therefore, he could bring an action for its breach notwithstanding the judgment in the Municipal Court. Neither the pleadings nor the evidence justified the finding of such a covenant of warranty, and, indeed, on the trial the plaintiff's attorney stated that the action was only for damages for failure to comply with the agreement to.

do the work right and deliver the goods in proper condition. The case does not, therefore, come with the principle of Honsinger v. Union Carriage & Gear Company, 175 N. Y. 229, 67 N. E. 436, which was a case of surviving warranty. The judgment and order appealed from must be reversed.

Judgment and order appealed from reversed, and a new trial ordered, with costs to appellant to abide the event.

FREEDMAN, J., concurs.

MacLEAN, J. (dissenting). In an action brought in the Municipal Court by the defendant's assignee for work, labor, and services performed by the defendant on certain skins belonging to the present plaintiff, the assignee recovered judgment; the owner of the skins (plaintiff here) putting in no counterclaim, though pleading the pendency of the present action, which is for the value, first, of the skins ruined by the defendant, and, second, of the skins he did not return. To hold that the plaintiff here was bound to set up and litigate his present claim in that action by the assignee would be to hold that a party whose goods have been ruined or withheld by a workman must try issues not with the one who has wronged him, but with one who owes him nothing, and who may be wholly irresponsible. As there is no contradiction of the evidence that some of the plaintiff's skins were ruined, and that others were not returned by the defendant, and as a judgment in one court for work, labor, and services does not seem an adjudication of an action brought in another for damage to goods and for failure to return, I am of opinion that the judgment appealed from should be affirmed, with costs.