GLEASON v. BUSH. (No. 42-96.)

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

1. JURY ⬦⟹13—SUBSTITUTION OF PARTIES—RIGHT TO JURY.

Where, in replevin, the bailor of the goods in controversy was substituted as defendant for the bailee, pursuant to Code Civ. Proc. § 820, authorizing interpleader, the action became an equitable one, triable by the court, and neither party had the right to a trial by jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35-83; Dec. Dig. ⬦⟹13.]

2. JURY ⬦⟹13—SUBSTITUTION OF PARTIES—EFFECT.

Though an action at law was changed to one in equity because of an order of interpleader, pursuant to Code Civ. Proc. § 820, the parties to the litigation could treat it as a common-law action, in which case the action would be tried as any other common-law action.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35-83; Dec. Dig. ⬦⟹13.]

3. BANKRUPTCY ⬦⟹326—COUNTERCLAIM—"CONNECTED WITH THE SUBJECT OF THE ACTION."

Where, in replevin, plaintiff's title depended on the validity of a transfer by one substituted as defendant, and who became bankrupt within four months after the transfer, the right of the trustee in bankruptcy, substituted as party defendant, to avoid the transfer as a preference under the Bankruptcy Act, was a quasi contractual right "connected with the subject of the action, within Code Civ. Proc. § 501, authorizing a counterclaim connected with the subject of the action," and the trustee could set up as a counterclaim his right to avoid the transfer.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 514; Dec. Dig. ⬦⟹326.

For other definitions, see Words and Phrases, First and Second Series, Connect.]

Appeal from Trial Term, Monroe County.

Action by James F. Gleason against a bailee of certain apples, in which the Growers' & Shippers' Exchange was substituted as defendant, and in which thereafter Seth J. T. Bush, trustee in bankruptcy of the Exchange, was substituted as defendant. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

The action was in replevin, brought by plaintiff, Gleason, against a bailee of certain apples to recover possession thereof. Thereafter by an order of the court the original bailor of the apples, Growers' & Shippers' Exchange, was substituted as defendant in the action in the place of the original defendant, pursuant to the provisions of section 820 of the Code of Civil Procedure. The substituted defendant, Growers' & Shippers' Exchange, was after its substitution as defendant adjudicated a bankrupt, and the defendant Bush, after his appointment as trustee in bankruptcy of the bankrupt's estate, was substituted as defendant in the place of the bankrupt corporation. The answer interposed by the defendant trustee among other things alleged as a counterclaim his right as trustee to recover the apples, or the value thereof, as property of the bankrupt transferred by it to plaintiff within four months next preceding the date of the adjudication of its bankruptcy without receiving from plaintiff any consideration therefor; he then knowing the company was insolvent and that the transfer was so made to enable him to secure a larger percentage upon his claim against it than other creditors in like situation with himself.

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Cogswell Bentley, of Rochester (Bentley & MacFarlane, of Rochester), for appellant.

Irving L'Hommedieu, of Medina (L'Hommedieu & Whedon, of Medina), for respondent.

PER CURIAM. [1] When the order was made substituting the bailor of the apples in controversy for the bailee thereof as the defendant in the action, the action thereupon became an equitable one triable by the court, and neither party had the right to a trial by jury. Clark v. Mosher, 107 N. Y. 118, 14 N. E. 96, 1 Am. St. Rep. 798. Had the action been tried as one in equity, there could be little doubt that defendant should have been permitted to prove his alleged counterclaim that the transfer to plaintiff of the apples in question constituted a preferential transfer of the property of the bankrupt, voidable at his election. "When a court of equity obtains jurisdiction, and all the facts are before it by supplemental pleading, as they are here, it may and generally does adapt the relief to the situation existing at the close of the litigation." Dammert et al. v. Osborn et al., 140 N. Y. 30, 43, 35 N. E. 407, 411, citing Peck v. Goodberlett, 109 N. Y. 181, 16 N. E. 350, Madison Ave. Bap. Ch. v. Oliver St. Bap. Ch., 73 N. Y. 83. See, also, Sherman v. Foster, 158 N. Y. 587, 53 N. E. 504; Hunt v. Provident Savings Life Assur. Soc., 77 App. Div. 338, 343, 79 N. Y. Supp. 74.

[2] Though, because of the order of interpleader, the action was changed from one at law to one in equity, yet the parties to the litigation could still treat it as a common-law action, in which all the issues were triable by a jury. Voss v. Smith, 87 App. Div. 395, 84 N. Y. Supp. 471. In the present case the parties seem by consent to have chosen to try the action as one at law. The case under these circumstances should then be tried precisely in the same way as any other common-law action. Voss v. Smith, supra.

[3] We shall therefore consider the case as one at common law. The counterclaim above referred to, which defendant sought to interpose—i. e., the right of the trustee to attack plaintiff's title to the apples as obtained because of a preferential transfer thereof voidable at the trustee's option—did not exist at the time the action was begun. A cause of action may be interposed as a counterclaim, though it arose after the commencement of the action, if, as provided by subdivision 1 of section 501 of the Code of Civil Procedure, it is one "arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action." Caspary v. Hatch, 157 App. Div. 679, 142 N. Y. Supp. 785.

Plaintiff's cause of action was based upon his alleged title to the apples in question. His title depended upon the fact that the Growers' & Shippers' Exchange had transferred its title to the goods to him. But the title thereby acquired was subject to the possibility that the transfer might be avoided as preferential, at the instance of a trustee in bankruptcy of the seller, provided the petition in the bankruptcy proceed-

ings, in which such trustee was thereafter appointed, was filed within four months after the transfer. Such right of action given by Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, to the trustee, as between the trustee and the transferee, is quasi contractual in substance and effect. Cohen v. Small, 120 App. Div. 211, 105 N. Y. Supp. 287, affirmed 190 N. Y. 568, 83 N. E. 1123. As was said in that case:

"The Bankruptcy Law enters into the contract between a debtor and a creditor, and gives a right to the trustee in bankruptcy to recover from the creditor any payment made in violation of the Bankruptcy Law."

The right of the trustee in such case to avoid the transfer would thus seem to be, as the section of the Code above referred to phrases it, "connected with the subject of the action," which plaintiff seeks to maintain. It follows that, even if the action is to be treated as one at common law, the counterclaim was properly interposed, and the defendant was entitled on the trial to have the issues raised thereby submitted to the jury.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.