Jacob Zysman, Plaintiff, v. 147 and 149 West 57th Street Corporation and Others, Defendants.

Supreme Court, New York County, January 20, 1927.

**Landlord and tenant — action for eviction — counterclaim for breach of lease arises out of same transaction within meaning of Civil Practice Act, § 266, subd. 1.**

In this action, in which plaintiff seeks to recover damages for wrongful eviction from premises leased by defendants to him, defendants' counterclaim for damages for the breach of the lease by plaintiff was one which may be properly interposed in the action, since within the meaning of subdivision 1 of section 266 of the Civil Practice Act, it arises out of the same transaction as does plaintiff's action.

Motion by plaintiff to strike out counterclaim for breach of lease in action for wrongful eviction.

——————— ————, for the plaintiff.

——————— ————, for the defendants.

Gibbs, J.  Plaintiff seeks to recover damages for wrongful eviction from the premises leased by him from the defendant, 147 and 149 West 57th Street Corporation.  The defendants in addition to the general and specific denials contained in their amended answer allege, by way of counterclaim, damages sustained by said defendant corporation as the result of a breach of the lease by plaintiff.  Plaintiff moves to strike out the counterclaim on the ground that it is not one which may be properly interposed in the action.  The question as to whether the counterclaim is to stand or fall must be determined in the light of subdivision 1 of section 266 of the Civil Practice Act, which provides that a counterclaim must be " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action."  It is obvious that plaintiff's cause of action is founded in tort.  Ordinarily neither demands for damages for tort nor for breach of contract may be asserted in such an action by way of counterclaim.  The policy of the law, however, is to liberally construe the provisions of the Civil Practice Act applicable to counterclaims and to assist in avoiding a multiplicity of suits.  (*Coppola* v. *DiBenedetto*, 127 Misc. 276.)

The sole question to be determined at present is: Does the defendant's counterclaim arise out of the transaction upon which plaintiff's claim is based?  Plaintiff's cause of action is founded upon the

tenancy existing between him and the defendant corporation by virtue of a certain lease, the quiet enjoyment of which he contends was interfered with by the unlawful acts of the defendant. The counterclaim of the defendant corporation has its origin in the same lease and the success of the counterclaim rests upon the establishment by this defendant of the unauthorized use of said premises by the plaintiff. Indeed, the facts upon which the counterclaim is founded are so related to the plaintiff's cause of action that if sustained on the trial they will be a complete defense. I am convinced that the plaintiff's cause of action and the defendant's counterclaim arise out of the same transaction. Accordingly, motion to dismiss counterclaim is denied. Submit order.