JACOB ZYSMAN, Appellant, v. 147 AND 149 WEST 57TH STREET
CORPORATION and Another, Respondents.

First Department, June 24, 1927.

**Landlord and tenant — action by tenant for unlawful eviction — counterclaim for breach of lease cannot be interposed by landlord.**

In an action by a tenant to recover damages for unlawful eviction, the landlord cannot plead a counterclaim based on a breach of the lease by the tenant.

APPEAL by the plaintiff, Jacob Zysman, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of January, 1927, denying his motion to strike out the counterclaim contained in defendant's amended answer.

*Herman Scheckner* of counsel, for the appellant.

*Jacob Wahrhaftig* of counsel [*Harold H. Straus*, attorney], for the respondents.

McAvoy, J. An order was made here denying the motion of plaintiff to strike out the counterclaim interposed in the action by the defendants. The ground of the motion was that the counterclaim is not one which may be properly interposed in this class of actions.

The cause of action in the complaint is one to recover damages for eviction of plaintiff from certain premises leased to him by the defendant corporation. The counterclaim demanded damages sustained by the defendant corporation as a result of a breach of the lease under which plaintiff held. The counterclaim was, therefore, for damages for a breach of contract interposed against an action for damages in tort. It was ruled by the learned court at Special Term that the facts upon which the counterclaim is founded are so related to the plaintiff's case that defendants should be permitted to set up such counterclaim. (129 Misc. 350.)

The complaint sets out that the defendant corporation made a lease to plaintiff of a store. The lease contained a provision giving the landlord the right to terminate it by paying to the tenant the sum of $5,000. It is further set out that after the making of the lease the defendants indicated their desire to cancel the same without payment of the stipulated sum, and that in order to secure the cancellation they commenced a series of annoyances and a course of conduct which was calculated to harass the plaintiff and to render so impossible the quiet and peaceful use and enjoyment of the leased premises that plaintiff, in order to relieve himself of these annoyances, would be compelled to abandon the premises,

thus saving to the defendant corporation the said sum of $5,000. Because of the series of annoyances caused the plaintiff, he failed to pay the rent which became due on August 1, 1926, and in a dispossess proceeding commenced by the landlord pleaded as a defense the acts and conduct of the landlord.

The answer was struck out in the Municipal Court and a three days' stay was given to plaintiff in which to pay the landlord the rent so as to prevent the warrant of dispossess issuing.  Before the stay expired plaintiff paid the rent to the attorney for the landlord so that no warrant of dispossess would be issued, but nevertheless on the 26th of August, 1926, defendants, accompanied by a city marshal, called at plaintiff's place of business and, pretending to act in compliance with the warrant of dispossess, evicted the plaintiff from his place of business.  It is for these acts the plaintiff demands damages.

The counterclaim sets up a separate and affirmative cause of action in defendants' favor against the plaintiff.  It alleges the making of the lease and that plaintiff hired the premises for the purpose of occupying the same solely for the sale and manufacture of chocolate; that in violation of the covenants, plaintiff uses the premises as a restaurant, tea room and ice cream parlor, and maintains and operates a soda fountain in the premises and uses same for the sale of cakes, meats, sandwiches and other foods. The defendants assert that this conduct of the plaintiff tenant has rendered him objectionable and claim damages of $10,000. It is obvious that these facts did not justify the conduct of the landlord in wrongfully evicting the plaintiff nor would such acts of plaintiff be a defense of the conduct alleged in the complaint. They must, therefore, be considered solely as a counterclaim since they are pleaded in that respect only.  This counterclaim viewed from any standpoint does not in any way relate to plaintiff's cause of action, nor is it part of the transaction involved in plaintiff's cause of action.  It does not arise out of the same cause of action nor is it connected with the subject-matter of plaintiff's action. Each of these transactions is a separate and distinct wrong, arising out of violations of the other's right, neither of which is in any wise related to the other.

The order should be reversed, with ten dollars costs and disbursements, and the motion to strike out the counterclaim granted, with ten dollars costs.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.