KERMACOE REALTY CO., INC., Appellant, v. THOMAS P. MCKENNA, Respondent.

Supreme Court, Appellate Term, First Department, June 5, 1928.

**Landlord and tenant — eviction — action for rent under lease permitting landlord to enter premises to make repairs and alterations deemed necessary for safety and preservation of premises — entry on premises to install hot water system was not for safety or preservation of premises — interference with defendant's occupation constituted actual partial eviction and suspended rent.**

In this action by plaintiff for rent it appears that the lease permitted the landlord to enter the premises and to make such " repairs and alterations as it shall deem necessary for the safety and preservation of the premises." Plaintiff entered the premises to install a hot water system, and interfered with defendant's occupation thereof in such a way as to constitute an actual partial eviction.

In the absence of evidence that the plaintiff acted with the defendant's consent or that the water system had for its object the safety or preservation of the premises, it was proper to hold that the acts constituted an actual partial eviction, which, as a matter of law, suspended the rent during the existence of such interference; such eviction can only be a defense to rent which became due during the eviction.

APPEAL by plaintiff from two judgments of the Municipal Court, Borough of Manhattan, Fifth District, entered on decisions of justice in favor of plaintiff.

*Kreutzer & Slack* [*Meyer H. Slack* of counsel], for the appellant.

*Joseph L. Greenberg* and *Henry Clay Greenberg* [*Joseph L. Greenberg* of counsel], for the respondent.

PER CURIAM. Although the tenant must be deemed to have consented to the entry by the landlord for the purpose of doing the work specified in the landlord's letter delivered to the tenant in connection with the execution of the new lease, in the installation of the new hot water system the landlord entered upon the demised premises and interfered with their occupation, and the landlord's acts constituted an actual partial eviction which as matter of law suspended the rent during the existence of such interference, unless the plaintiff acted with the tenant's consent or was acting under a right reserved in the lease. (*Harperley Hall Co.* v. *Joseph*, 187 N. Y. Supp. 120.)

As far as the lease is concerned the only provision as to entry in point is the one permitting the landlord " to enter and examine the condition of the premises, and to make such repairs and alterations as it shall deem necessary for the safety and preservation of the premises or building." No evidence was given tending to show

that the new hot water system had for its object the safety or preservation of the premises or building, and no claim was made that the tenant had consented to the acts complained of. The finding of the trial judge that the rent was suspended is, therefore, sustained by the evidence. However, such eviction could only be a defense to rent which became due during the eviction, and as it satisfactorily appears that the acts complained of began in August, 1927, after the first day of that month and after the rent for August, 1927, became due, and that such acts and the conditions resulting therefrom although they continued down to a date subsequent to November first, terminated before December first, when the December rent became due, the judgment in action No. 1 should be modified by increasing the recovery to the sum of $207.91, with interest and costs, and the judgment in action No. 2 modified by increasing the recovery in that action to the sum of $190.01, with interest and costs, and as modified affirmed.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.