HARFRIED REALTY Co., INC., Landlord, Respondent, *v.* SPUYTEN AMUSEMENT CORPORATION, Tenant, Appellant.*

Supreme Court, Appellate Term, First Department, March 15, 1934.

*Benjamin Rich,* for the appellant.

*Morris M. Baker,* for the respondent.

CALLAHAN, J.   In this summary proceeding for non-payment of rent of a theatre building the tenant pleaded as a counterclaim that the landlord carelessly and negligently allowed and permitted water draining from the roof of a building adjoining the demised premises, such adjoining building being owned or controlled by the landlord, to enter upon and into the demised premises so as to cause water to be collected in the basement, toilets and other parts of the demised premises, resulting in great damage to the tenant and to the demised theatre, of all of which due notice was given the landlord, the landlord refusing to abate the same, to the damage of the tenant in the sum of $10,000.

Upon the landlord's motion the counterclaim was dismissed on the theory that it is one in tort and that such a counterclaim may not be interposed in a summary proceeding.   (147 Misc. 647.)

The section of the summary statute applicable to the form of the tenant's answer (Civ. Prac. Act, § 1425) provides that it may set forth a counterclaim in like manner as if the claim for rent was the subject of an action.   The justice below decided that the tenant was thus limited to pleading such a counterclaim as would

* Revg. 147 Misc. 647.

be permissible in the Supreme Court, and that the counterclaim here was not authorized under section 266 of the Civil Practice Act. I think the justice erred in so ruling.

Section 266 of the Civil Practice Act provides that a counterclaim may be (Subd. 1) a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action, or (Subd. 2) in an action on contract, any other cause of action on contract existing at the commencement of the action.

In *Goelet* v. *Goldstein* (229 App. Div. 456) the tenant interposed as a counterclaim to an action for rent that because of the negligence of the plaintiffs in the operation and management of the building of which the demised premises were a part, the defendants were damaged, and the counterclaim was sustained on the ground that it " grows out of the same transaction," thus apparently departing from the former strict construction of the statute in cases holding " that a counterclaim for damages caused either by negligence or by trespass is not proper in an action for rent, for the reason that such an action is on contract and the counterclaim would be for tort not arising out of the same contract or a contract connected with the same subject." (*Franklin Building Co.* v. *Finn*, 165 App. Div. 469; and, see, Keogh Landl. & Ten. Summary Proceedings, 269.)

It seems to me that the counterclaim is not only proper under subdivision 1 of section 266 but that if, as pleaded, the landlord permitted water from the roof of the landlord's adjoining premises to run on and into the demised premises, damaging the tenant's property, the result of such an act or omission would constitute a trespass and a breach of the covenant of quiet enjoyment available to the tenant as a counterclaim under subdivision 2, being a cause of action on contract existing at the commencement of the action. The retention of possession by the tenant would be no defense. (*Ginsburg* v. *Woolworth & Co.*, 179 App. Div. 364; *Harperly Hall* v. *Joseph*, 187 N. Y. Supp. 120; *Kremacoe Realty Co.* v. *McKenna*, 132 Misc. 293.)

Moreover, as a defendant in an action for rent in the Municipal Court may counterclaim damages for a tort (Mun. Ct. Code, § 85; *Newman* v. *Roth*, 197 N. Y. Supp. 213), there seems no reason why he may not plead a counterclaim in tort against the landlord's demand for rent in the summary proceeding. (*Lautman* v. *Gusenfitter*, App. Term, Second Dept. Jan. 1922.)

There is no merit in respondent's claim that the judgment is not appealable. Our decision in *Four Forty-One Holding Corporation* v. *Bloom* (148 Misc. 565) that no judgment for rent may be

entered upon the dismissal of the proceeding, has no application to this controversy.

Judgment and order reversed, with ten dollars costs, and motion denied. Trial set for March 21, 1934.

All concur; present, HAMMER, CALLAHAN and FRANKEN-THALER, JJ.