METROPOLITAN LIFE INSURANCE COMPANY, Landlord, *v.* LOUIS SHAPIRO, Tenant.*

Municipal Court of New York, Borough of Bronx, First District, March 3, 1937.

---

*Alfred B. Carb,* for the landlord.

*Sidney S. Levine,* for the tenant.

LYMAN, J. This is a motion to strike out a counterclaim, in the amount of $9,824, interposed by the tenant in a proceeding to dispossess him as a holdover. There is no demand for a judgment for rent.

The petitioner urges, as grounds for striking out the counterclaim, that it is improperly interposed, and that this court has no jurisdiction to entertain it. No question is raised as to its sufficiency.

Petitioner contends in support of his position that although the express language of section 1425 of the Civil Practice Act permits either an equitable or legal defense or counterclaim, the intent of the Legislature was to limit the interposition of such a counterclaim to proceedings where the petitioner prayed for a judgment for rent, and that the permissive remedy is not authorized where the petitioner is asking solely to recover the premises. With this contention the court does not agree.

Section 1425 of the Civil Practice Act was derived from section 2244 of the Code of Civil Procedure and has adopted the language of the Code as to the right to interpose a counterclaim in a summary proceeding. The Code contained no provision for a judgment for rent. The new section merely combines the remedy provided for in the Code and the separate action for rent (*Matter of McDonald,* 225 App. Div. 403) and does not deprive the tenant of any remedies which he might have had under the Code. An examination of the decisions prior to the enactment of section 1425 discloses that the right to interpose an equitable or legal counterclaim was unquestioned, with the possible limitation that the counterclaim must satisfy the general rules in regard to counterclaims as defined in the Code and the Civil Practice Act. Recognizing this apparent limitation, the lower court in *Harfried Realty Co., Inc.,* v. *Spuyten Amusement Corp.* (147 Misc. 647), in a summary proceeding for the non-payment of rent, struck out a counterclaim based on negligence. This decision was reversed by the Appellate Term, First Department (150 Misc. 904). It is to be noted that this reversal was before the enactment of the new section 266 of the Civil Practice Act (added by Laws of 1936, chap. 324), which enlarges generally the scope of counterclaims.

On the strength of this decision and by an examination of the authorities under section 2244 of the Code of Civil Procedure, it seems that there is little question as to the propriety of the counter-

claim. However, if there was any doubt the decision in the case of *240 West 37th Street Co., Inc.,* v. *Lippman* (241 App. Div. 529), decided prior to the enactment of the present section 266 of the Civil Practice Act, would add additional weight to the tenant's position. Though the precise question presented here does not seem to have arisen in that case, the holding is clear that, in a summary proceeding to dispossess, a tenant may interpose a counterclaim and ask for an affirmative judgment.

Petitioner, in his brief, questions the jurisdiction of this court on the theory, it seems, that it would be unfair for a court of limited jurisdiction to decide the merits of a claim involving the amount demanded. It is difficult for this court to see where there would be any more hardship involved in deciding a claim of this size in a case where no judgment for rent is asked than in one where such a demand is made. In the latter case, the law is clear that the Municipal Court has jurisdiction to entertain a counterclaim in summary proceedings for an unlimited amount. (*Matter of Byrne* v. *Padden,* 248 N. Y. 243.) The last cited case squarely decided that the Constitution of the State of New York imposed no restriction as to the amount recoverable on a counterclaim in the Municipal Court in a summary proceeding. Motion denied.